OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On May 24, 1984, State Trooper Charles Jones was working as an undercover narcotics investigator, when he met defendant at Arthur’s Court, a tavern in the City of Hudson. The two played pool together and drank beer. At one point, they decided to go up to the bar to buy another drink, where Jones remarked to defendant that the beer was "so small you probably should have some cocaine for the beer”. What transpired thereafter was the subject of conflicting testimony at trial. Jones testified that defendant responded readily to the comment about cocaine and offered not only to obtain some for Jones that evening, but also to provide him with the drug in the future. Defendant testified that Jones "badgered” him during the evening about where one could find cocaine until finally, defendant brought Jones to a house where the drug could be purchased. Defendant raised the defense of agency (see, People v Lam Lek Chong, 45 NY2d 64, 73-75) and requested that the court instruct the jurors that they may draw an adverse inference from the People’s failure to produce a particular police informant who concededly was with Jones in the tavern and accompanied both Jones and defendant to the location where the drugs were purchased. The court refused to give the missing witness charge, and defendant was convicted of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]).
*896 When a party " 'has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable’ ” (People v Gonzalez, 68 NY2d 424, 427, quoting Graves v United States, 150 US 118, 121). Defendant, as the party seeking the charge, may be entitled to a missing witness charge only if he sustains his burden in the first instance of showing that there is an uncalled witness who is knowledgeable about a material issue pending in the case and that such witness can be expected to testify favorably to the opposing party (see, People v Gonzalez, 68 NY2d 424, 427, supra). Here, the sole issue at trial was whether defendant acted as an agent for Jones in procuring the cocaine. Notwithstanding testimony that Trooper Jones had been playing pool with the informant before defendant entered the tavern, and that the informant accompanied the two to the house where the purchase took place, there was no evidence in the record establishing that the informant was actually in the company of defendant and Jones during the critical conversations concerning cocaine such that he would have heard them or observed defendant’s reactions and behavior in regard thereto and thus would have been knowledgeable about who suggested the purchase or whether the defendant acted merely as the instrumentality of Jones in purchasing the drug (see, People v Lam Lek Chong, 45 NY2d 64, 75, supra; People v Feldman, 50 NY2d 500, 504). Absent some foundation connecting the informant to the circumstances relevant to defendant’s agency defense, defendant has failed to sustain his initial burden, and the trial court properly denied the requested charge (see, People v Gonzalez, 68 NY2d 424, 427, supra). We have considered defendant’s remaining contentions and find them to be without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.