■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ROBERTS, Appellant. [608 NYS2d 485] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered September 2, 1992, convicting him

of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court improperly denied his request for a missing witness charge based on the People's failure to call as a witness the complainant's companion, who had been walking several feet in front of the complainant at the time of the crime.

In order to defeat the defendant's request for this charge, the People were required to demonstrate "that the witness is not knowledgeable about the issue, that the issue is not material or relevant, that although the issue is material or relevant, the testimony would be cumulative to other evidence, that the witness is not 'available,' or that the witness is not under the party's 'control' such that he would not be expected to testify in his or her favor" *(People v Gonzalez,* 68 NY2d 424, 428; *see also, People v Kitching,* 78 NY2d 532, 537).

Here the People demonstrated that the witness was not knowledgeable in view of the lack of evidence that he actually saw the crime occur. Nor was the witness under the People's control such that he would be expected to testify in the prosecution's favor, as he told the prosecutor that he was a friend of the defendant's father, that he did not want to get involved, and that he had not seen anything. The trial court therefore did not err in denying the defendant's request for a missing witness charge. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.