■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE AGUARO, Also Known as CARLOS RIVERA, Appellant. [663 NYS2d 973] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin, J.), rendered June 28, 1995, convicting him of robbery in the first degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support a conviction is unpreserved for appellate review *(see, CPL 470.05 [2]; People v Gray, 86 NY2d 10; People v Udzinski, 146 AD2d 245).* In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes, 60 NY2d 620),* we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari, 176 NY 84, 94).* Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo, 44 AD2d 86, 88).* Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Furthermore, the defendant's request for a missing witness charge, made after both sides rested, was untimely *(see, People v Patten, 232 AD2d 276; People v Pendleton, 156 AD2d 725).* In any event, the defendant failed to make a prima facie showing on the record that the uncalled witnesses were knowledgeable about a material issue in the case *(see, People v Gonzalez, 68 NY2d 424; People v Patterson, 237 AD2d 384).* Moreover, the People demonstrated that the witnesses' whereabouts were unknown and that diligent efforts to locate them were unsuccessful *(see, People v Gonzalez, supra).*

The defendant's remaining contention is without merit. Rosenblatt, J. P., Thompson, Pizzuto and Altman, JJ., concur.