THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON LUSBY, Appellant. [667 NYS2d 572] —Judgment unanimously affirmed. Memorandum: Defendant was convicted fol-

lowing a jury trial of attempted robbery in the second degree. According to the victim, defendant concealed his right hand in his pocket, forming a bulge, and stated, "I'm here for your money, and I've got a gun, you know". That testimony of the victim establishes that defendant "consciously display[ed] something that could reasonably be perceived as a firearm with the intent of compelling an owner of property to deliver it up or for the purpose of preventing or overcoming resistance to the taking" (*People v Baskerville*, 60 NY2d 374, 381; *see, People v Weatherly*, 144 AD2d 509). The victim also testified that he believed that defendant had a gun, although he admitted that "for a fleeting moment" he was not sure if defendant had a gun. That testimony does not render the evidence legally insufficient, nor does it render the verdict against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

The alleged variance between the indictment and the evidence presented at trial was cured by County Court's limiting instruction. Evidence that defendant threatened to shoot two other persons while fleeing from the victim was properly admitted under *People v Molineux* (168 NY 264) because it was inextricably interwoven with the crimes charged (*see, People v Vails*, 43 NY2d 364, 368).

Defendant contends that the court erred in denying his motion to dismiss the indictment pursuant to CPL 30.30 because the People failed to controvert the allegations of fact in his motion papers. That contention is without merit. The motion papers "did not on their face indicate a clear entitlement to a dismissal of the charges", and thus the burden did not shift to the People to controvert the allegations (*People v Lomax*, 50 NY2d 351, 357). Finally, the court's instruction concerning the North Carolina certificate of conviction of the victim was neutral on its face and did not deny defendant a fair trial (*see, People v Turton*, 221 AD2d 671, *lv denied* 88 NY2d 887). (Appeal from Judgment of Monroe County Court, Marks, J.—Attempted Robbery, 2nd Degree.) Present—Denman, P. J., Green, Callahan, Balio and Fallon, JJ.