◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENDON CHEDICK, Appellant. [666 NYS2d 739] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered December 15, 1995, convicting him of assault in the second degree (three counts) and sexual abuse in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly denied his request for a missing witness charge with respect to the complainant's brother. The People demonstrated

that the uncalled witness was not knowledgeable about a material issue in the case. Although the complainant's brother could have testified to the events leading up to the complainant's altercation with the defendant, he would not have been able to describe the fight itself since he was lying on the ground having been beaten by the defendant and his companions *(see, People v Dianda,* 70 NY2d 894; *People v Aguaro,* 241 AD2d 459; *People v Roberts,* 201 AD2d 748). Moreover, the testimony of the missing witness with respect to the events preceding the altercation would have been cumulative to the complainant's own testimony *(see, People v Davila,* 156 AD2d 580).

The trial court also did not improperly deny the defendant's request for a missing witness charge with respect to two friends of the second complainant since they were not knowledgeable about a material issue of fact and their testimony would not have been favorable to the People *(see, People v Kitching,* 78 NY2d 532; *People v Gonzalez,* 68 NY2d 424, 427-428). The uncalled witnesses informed the prosecutor that they did not observe the stabbing of the second complainant and could not identify the defendant as the perpetrator of the other assault *(see, People v Costa,* 183 AD2d 722). Santucci, J. P., Joy, Friedmann and Luciano, JJ., concur.