THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BISHAM GOBERDHAN, Appellant. [671 NYS2d 281] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered July 15, 1994, convicting him of attempted murder in the second degree (two counts), assault in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Harry Surujlall and his brother Gopaul Surujlall testified at trial that on the night of May 29, 1992, they went to a nightclub with their friend. A dispute began inside the club, which was subsequently continued on the street. During the latter escalation, Gopaul told the friend to go to the car. After she left, the defendant accosted the Surujlalls and shot them both. Some two months later, both Surujlalls identified the defendant in a lineup.

The court did not err in refusing to give a missing witness charge because of the friend's failure to testify. The defendant failed to make a prima facie showing on the record that the proposed witness was knowledgeable about a material issue pending in the case or was in the control of the People (*see, e.g., People v Dianda*, 70 NY2d 894; *People v Aguaro*, 241 AD2d 459; *People v Roberts*, 201 AD2d 748).

The court also properly denied the defendant's motion to dismiss the indictment pursuant to CPL 30.30. The defendant served his motion and made it returnable on the first day of trial, so that there was no reasonable notice to the People (*see, CPL 210.45 [1]; People v Lawrence*, 64 NY2d 200, 203; *People v Baxter*, 216 AD2d 931; *People v Harvall*, 196 AD2d 553, 554; *People v Weaver*, 162 AD2d 486, 487).

The defendant's remaining contention is unpreserved for appellate review (CPL 470.05 [2]; *People v Maschi*, 49 NY2d 784) and, in any event, without merit (*see, e.g., People v Jackson*,

235 AD2d 494). Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.