■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIAL PORTER, Appellant. [701 NYS2d 649] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered March 6, 1998, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in not giving a missing witness charge to the jury. However, the defendant did not raise in the Supreme Court any of the substantive arguments concerning availability or control which he now raises on appeal. Therefore, the defendant's contentions are not preserved for appellate review (*see,* CPL 470.05 [2]). In any event, in light of the witness's lack of cooperation with law enforcement officials, and other circumstances of this case, the witness was not under the control of the prosecution such that the People would have been expected to call him (*see, People v Gonzalez,* 68 NY2d 424, 429). A missing witness charge was therefore not warranted. Ritter, J. P., Altman, Schmidt and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL C. RENTA, Appellant. [701 NYS2d 650] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered September 18, 1997, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.