■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM SKINNER, Appellant. [720 NYS2d 819] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrero, J.), rendered April 27, 1998, convicting him of sexual abuse in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favor-

able to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The Supreme Court did not err in summarily denying the defendant's first motion to dismiss the indictment pursuant to CPL 30.30 since the motion papers "did not on their face indicate a clear entitlement to a dismissal of the charges" (*People v Lomax,* 50 NY2d 351, 357; *People v Lusby,* 245 AD2d 1110, 1111). The defendant's second motion to dismiss was also properly denied, as it was made without reasonable notice to the People (*see, People v Goberdhan,* 249 AD2d 324).

The defendant's contentions regarding prosecutorial misconduct are largely either unpreserved for appellate review or without merit. While certain of the prosecutor's comments were better left unsaid, the remarks did not constitute reversible error (*see, People v Hunte,* 276 AD2d 717).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.