■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK LOPEZ, Appellant. [798 NYS2d 473]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered June 11, 2003, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, with costs.

The trial court providently exercised its discretion in sealing the courtroom during the testimony of an undercover police officer (*see People v Pearson*, 82 NY2d 436). The officer's testimony at the *Hinton* hearing (*see People v Hinton*, 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]) established a link between his fear for his safety and his open court testimony, in accordance with the criteria set forth in *People v Martinez* (82 NY2d 436). The record reflects that the officer was still working in the area of the defendant's arrest, he expected to return to that locale, he had been threatened and assaulted, and he had several open cases involving lost subjects in that area. Moreover, the evidence established that the spectators who were excluded from the courtroom resided in the locale where the undercover officer worked and were in court to observe a defendant involved in an unrelated drug matter that occurred in that area. Therefore, the closure of the courtroom and exclusion of the two spectators were necessary to protect the safety of the undercover officer and preserve the integrity of his ongoing investigations (*see People v Pearson, supra; People v Hinton, supra; People v Akaydin*, 258 AD2d 466 [1999]; *People v Garcia*, 239 AD2d 599 [1997]; *People v Mitchell*, 209 AD2d 444 [1994]). Accordingly, the closure of the courtroom did not violate the defendant's right to a public trial (*see People v Pearson, supra*).

The defendant's contention that the Supreme Court should have given a missing witness charge is unpreserved for appellate review since the specific arguments he now makes were not raised in the Supreme Court (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Porter*, 268 AD2d 538 [2000]; *People*

*v Udzinski*, 146 AD2d 245 [1989]). In any event, the defendant did not establish his prima facie entitlement to the missing witness charge (*see People v Gonzalez*, 68 NY2d 424, 427 [1986]). Although the primary undercover officer was at the scene of the incident and could have testified to the events leading up to another officer's encounter with the defendant and the defendant's apprehension, he would not have been able to describe the encounter itself since, as the record shows, the primary undercover officer was involved in the apprehension of another individual and was not present at the time of the apprehension of the defendant (*see People v Dianda*, 70 NY2d 894 [1987]; *People v Aguaro*, 241 AD2d 459 [1997]; *People v Roberts*, 201 AD2d 748 [1994]; *compare People v Kitching*, 78 NY2d 532, 538 [1991] [where police officer observed drug buy from across the street on a dark, snowy evening, what he actually saw and could have seen were questions he could have answered if he testified]). H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.