■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRITO MENDEZ, Appellant. [892 NYS2d 100]—

We find no error in the court's rulings on defendant's requests for missing witness charges. The record establishes that a ghost undercover officer was not in a position to provide any material, noncumulative testimony regarding the sale for which defendant was convicted (*see People v Dianda*, 70 NY2d 894 [1987]), since the transaction took place at an indoor location outside the presence of the ghost officer, there was no evidence suggesting he could have made any relevant observations, and "testimony that his general function was to observe the undercover purchaser did not establish his actual position" (*People v Tavarez*, 288 AD2d 120, 120 [2001], *lv denied* 97 NY2d 709 [2002]). Defendant did not preserve his claim that the court should have delivered a missing witness charge concerning the failure of the ghost officer to testify concerning the initial, presale meeting between the testifying undercover officer and defendant, and we decline to review it in the interest of justice. As an alternative holding, we similarly reject it on the merits. Finally, defendant's claim that the missing witness charge the court provided with regard to a confidential informant should have been expanded to include the informant's presence at the initial meeting is without merit, because the informant's testimony about that event would have been entirely cumulative (*see People v Macana*, 84 NY2d 173, 180 [1994]).

The court properly exercised its discretion in denying defendant's mistrial motion, made after the undercover officer made a brief unresponsive comment, cut off in midsentence, that defendant was a known subject wanted by the narcotics bureau. The court struck this testimony and gave thorough curative instructions that were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]), and which the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104 [1983]). Moreover, the officer's remark was not unduly prejudicial under the circumstances of the case, because the jury was well aware that defendant was the target of a long-term investigation. Concur—Saxe, J.P., Catterson, Moskowitz, DeGrasse and Abdus-Salaam, JJ.