The People of the State of New York, Respondent,
against
Patrick Dolan, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Matthew A. Sciarrino, J., at speedy trial motion; James M. Burke, J., at trial), rendered November 17, 2011, after a jury trial, convicting him of resisting arrest and driving while impaired, and imposing sentence.




Per Curiam.
Judgment of conviction (Matthew A. Sciarrino, J., at speedy trial motion; James M. Burke, J., at trial), rendered November 17, 2011, affirmed.
The court properly denied defendant's statutory speedy trial motion. After the People announced they were ready to proceed on the scheduled hearing and trial date, defense counsel did not request any adjournment and stated he could proceed that afternoon. Defense counsel then announced that "I'm going to serve and file a 30.30 motion." Under these circumstances, we agree with Criminal Court that "defense counsel's tactics deprived the prosecution of reasonable notice of the motion, and that the defendant waived his speedy trial claim by announcing his readiness ... and by failing to request an adjournment when the People moved the case to trial that morning" (People v Harvall, 196 AD2d 553, 555 [1993], lv denied 82 NY2d 896 [1993]); see People v Alvarez, 46 AD3d 476 [2007], lv denied 10 NY3d 807 [2008]; People v Goberdhan, 249 AD2d 324 [1998], lv denied 92 NY2d 852 [1998]; People v Baxter, 216 AD2d 931 [1995]). Moreover, because the underlying speedy trial motion is not contained in the record on appeal, review of the merits of defendant's 30.30 claim is precluded (see People v Bergman, 70 AD3d 1494, 1495 [2010], lv denied 14 NY3d 885 [2010]; People v Highsmith, 254 AD2d 768, 770 [1998], lv denied 92 NY2d 983 [1998]).
Defendant's claim that the trial court erroneously denied his for cause challenge to a prospective juror is unpreserved for appellate review, as defense counsel failed to challenge the prospective juror on the specific ground asserted on appeal (see People v Campbell, 111 AD3d 760 [2013]). We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits, since the totality of the prospective juror's responses did not call into question her ability to be fair and to follow the court's instructions (see People v Tatulli, 33 AD3d 450 [2006], lv denied 8 NY3d 849 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: February 23, 2017