People v Moore (2019 NY Slip Op 02449)





People v Moore


2019 NY Slip Op 02449


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Singh, JJ.


8840 1040/15

[*1]The People of the State of New York, Respondent,
v
Jarel Moore, Defendant-Appellant.


Cardozo Criminal Appeals Clinic, New York (Stanley Neustadter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered October 19, 2016, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of eight years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's request for a missing witness charge as to a "ghost" undercover officer. The trial evidence only established that, from a sufficient distance away to avoid being seen, the ghost was monitoring and broadcasting the purchasing undercover officer's location and movements. Any testimony by the ghost on that subject would have been cumulative. Defendant failed to make a prima facie showing that the ghost was located where he could see or hear any aspect of the drug transaction at issue (see People v Dianda, 70 NY2d 894 [1987]; People v Mendez, 69 AD3d 445 [1st Dept 2010], lv denied 15 NY3d 753 [2010]), and the evidence supports an inference to the contrary.
In any event, any error in denying a missing witness charge was harmless. There was overwhelming evidence of defendant's guilt, including a text message on his phone and the recovery of buy money from his person. Furthermore, defense counsel was permitted to comment on the lack of testimony from the ghost officer.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK