The People of the State of New York, Respondent,
against
Sameerah Bowman, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Joanne B. Watters, J. at speedy trial motion; Heidi C. Cesare, J. at trial and sentencing), rendered May 4, 2017, convicting her, after a nonjury trial, of attempted assault in the third degree, attempted endangering the welfare of a child and menacing in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Joanne B. Watters, J. at speedy trial motion; Heidi C. Cesare, J. at trial and sentencing), rendered May 4, 2017, affirmed.
The Court properly denied defendant's statutory speedy trial motion. Defendant's motion was dated, served and made returnable on the date the case was scheduled for hearing and trial, and therefore was not was not made on reasonable notice to the People (see CPL 210.45[1]; People v Alvarez, 46 AD3d 476 [2007], lv denied 10 NY3d 807 [2008]; People v Goberdhan, 249 AD2d 324 [1998], lv denied 92 NY2d 852t [1998]; People v Baxter, 216 AD2d 931 [1995]). By failing to follow the statutory procedure, defendant waived her right to a dismissal on speedy trial grounds (see People v Lawrence, 64 NY2d 200, 203 [1984]). Defendant's contention that the court should have summarily granted the motion because the People failed to respond to it is both unpreserved (see CPL 470.05[2]) and without merit, inasmuch as defense counsel's tactics deprived the People of reasonable notice of the motion (see People v Harvall, 196 AD2d 553, 555 [1993], lv denied 82 NY2d 896 [1993]). We also note that defendant affirmatively states that the matter should not be remanded to provide the People with a formal opportunity to respond to the motion (cf. People v Crew, 121 AD2d 921 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: September 18, 2019