■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE E. DUNCAN, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered October 30, 1975, upon a verdict convicting defendant of the crime of manslaughter in the second degree. The record contains proof beyond a reasonable doubt to establish that the defendant in the early evening of March 11, 1971 shot and killed one Jerry Williams. The jury acquitted the defendant of the charge of murder for which he had been indicted. The trial court, however, had charged the crime of manslaughter in the second degree and the jury found the defendant guilty thereof. Among other things, the defendant contends that the judgment should be reversed because the trial court refused to also charge the lesser crime of criminally negligent homicide. The initial question of whether or not the unintentional homicide can be a lesser included offense of an indictment charging an intentional homicide as a matter of law has been recently settled by the case of *People v Tai* (39 NY2d 894) wherein the Court of Appeals found that the defendant although charged with murder was entitled to a charge of manslaughter in the second degree as a lesser included offense (cf. *People v Hille,* 42 AD2d 881; *People v Wall,* 34 AD2d 215, affd 29 NY2d 863). In *People v Strong* (37 NY2d 568, 570) the court stated "it would be incorrect to infer from *Stanfield [People v Stanfield,* 36 NY2d 467] that in every case in which manslaughter, second degree, is charged, a defendant is entitled also to an instruction as to criminally negligent homicide." In the case at bar, even giving defendant the most favorable view of the record, the evidence shows that defendant pulled out a gun during a struggle with deceased. There was no suggestion that the defendant was merely "playing with the gun", that he was not familiar with the gun, that there was a possibility that the gun was not loaded or that the gun was unsafe. Furthermore, there was no evidence that his victim thought defendant was only "messing with the gun", which the court in *Stanfield* felt was relevant to defendant's perception of the risk of harm created. In sum, while a reasonable view of the evidence supports a finding that defendant was aware of and consciously disregarded a substantial and unjustifiable risk when he pulled out the gun, there is no possible view of the evidence under which the jury could conclude that defendant failed to perceive such a risk, and therefore the refusal to submit the lesser included offense was proper (cf. *People v Malave,* 21 NY2d 26, 29). We have consid-

ered the remaining questions of the defendant and find them to be without substantial merit. Judgment affirmed. Koreman, P. J., Kane, Mahoney, Larkin and Herlihy, JJ., concur.