■ MICHAEL VARTABEDIAN et al., Appellants, v HOSPITAL FOR SPECIAL SURGERY, P.H.O., INC., et al., Respondents. [740 NYS2d 357] —In an action to recover damages for personal

injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Colabella, J.), entered December 21, 2000, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is granted, with costs to abide the event.

The plaintiff Michael Vartabedian contracted polio as a child and, since that time, has worn a leg brace. On January 23, 1998, he fell and was injured when his leg brace broke. He and his wife commenced this action against the defendants, who examined the brace at Vartabedian's request on January 7, 1998, contending that they were negligent in failing to detect a fatigue fracture which caused the brace to break. After trial, the jury found that the defendants were negligent, but that their negligence was not a substantial factor in causing Vartabedian's accident.

The plaintiffs correctly contend that the verdict was against the weight of the evidence. The jury determination that the defendants were negligent, but that their negligence was not a substantial factor in causing the accident, could not have been reached on any fair interpretation of the evidence (see, Lolik v Big V Supermarkets, 86 NY2d 744, 746; Nicastro v Park, 113 AD2d 129, 134-135).

Since we are granting a new trial, we also note that the Supreme Court erred in charging the jury on the doctrine of assumption of risk. The court instructed the jury that if it found that Vartabedian had assumed the risk of injury, it should apportion a percentage of fault to him (see, CPLR 1411). A comparative negligence charge based on assumption of risk may be given where there is evidence that a plaintiff voluntarily assumes "the risk of harm from defendant's conduct with full understanding of the possible harm to himself or herself" (Arbegast v Board of Educ. of S. New Berlin Cent. School, 65 NY2d 161, 169). Here, there was no evidence that the plaintiff knew or understood the risk of harm in continuing to wear the brace.

In light of our determination, it is unnecessary to address the plaintiffs' remaining contentions. Altman, J.P., Krausman, Goldstein and H. Miller, JJ., concur.