JAMES A. REGAN et al., Appellants, v ANCOMA, INC., Respondent. [782 NYS2d 480]—

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered November 10, 2003. The order denied plaintiffs' motion for partial summary judgment in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained in a single-vehicle accident by James A. Regan (plaintiff), a passenger in a pickup truck owned by defendant and driven by plaintiffs' son. Supreme Court properly denied plaintiffs' motion seeking partial summary judgment determining that the driver's negligence, for which defendant is vicariously liable, was the sole proximate cause of the accident, and dismissal of defendant's two affirmative defenses. Plaintiffs failed to meet their initial burden with respect to the first affirmative defense, alleging that plaintiff was negligent in riding in the pickup truck despite his awareness that his son was intoxicated (*see generally Halvorsen v Ford Motor Co.,* 132 AD2d 57, 62 [1987], *lv denied* 71 NY2d 805 [1988]; *Lanza v Wells,* 99 AD2d 506 [1984]; *Bergeron v Hyer,* 55 AD2d 1001,

1002-1003 [1977]). Further, while plaintiffs met their initial burden with respect to the second affirmative defense, alleging plaintiff's failure to use an available seat belt, the expert proof submitted by defendant raises triable issues of fact (*see Nahrebeski v Molnar*, 286 AD2d 891 [2001]). Thus, we further conclude that there are issues of fact precluding partial summary judgment on the complaint (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.