■ Sofia Herrera et al., Respondents, v Carlisle St. Martin et al., Appellants, et al., Defendants. [825 NYS2d 88]—

In an action to recover damages for medical malpractice, etc., the defendants Carlisle St. Martin, Richard Gasalberti, and Rafael Vargas, separately appeal from a judgment of the Supreme Court, Queens County (Thomas, J.), entered June 1, 2004, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $6,447,230, representing $130,000 for past medical expenses, $1,500,000 for past pain and suffering, $2,234,500 for future medical expenses for 14 years, $2,730 for future rehabilitation services for 14 years, $2,500,000 for future pain and suffering over 10 years, and $80,000 for loss of services and directing that 33.3% of the interest on the judgment shall accrue to the plaintiffs' counsel.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, by deleting the provisions thereof awarding the plaintiff Sofia Herrera damages for past and future pain and suffering and directing that 33.33% of the interest on the judgment shall accrue to the plaintiffs' counsel, and by substituting therefor a provision directing that a portion of the interest on the judgment shall accrue to the plaintiffs' counsel in accordance with Judiciary Law § 474-a; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages for past and future pain and suffering only, unless within 30 days after service upon the plaintiff Sofia Herrera of a copy of this decision and order, she serves and files in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $1,500,000 to the sum of $1,000,000, and the verdict as to damages for future pain and suffering from the sum of $2,500,000 to the sum of $2,000,000, and to the entry of an appropriate amended judgment accordingly and in compliance with CPLR article 16 as provided herein; in the event that the plaintiff Sofia Herrera so stipulates, then the judgment, as so modified, reduced, and amended, is affirmed, without costs or disbursements.

The jury in this case determined that the defendants Carlisle St. Martin and Richard Gasalberti departed from accepted standards of medical care, and that the defendant Rafael Vargas departed from accepted standards of chiropractic care, when

they each separately failed to prescribe a magnetic resonance imaging study for the plaintiff Sofia Herrera (hereinafter the plaintiff), who was experiencing debilitating and excruciating lower back pain for more than one year. The jury further found that this departure caused a delay in the diagnosis of the plaintiff's malignant tumor which resulted in her injuries, including total paralysis in her lower extremities, and bowel and bladder incontinence.

Contrary to the contentions raised by Vargas and Gasalberti, the jury's verdict was rational (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Robinson v City of New York,* 300 AD2d 384 [2002]; *Cavlin v New York Med. Group,* 286 AD2d 469 [2001]; *Simmons v East Nassau Med. Group,* 260 AD2d 463, 464 [1999]), and contrary to Gasalberti's contention, it was based on a fair interpretation of the evidence (*see Stewart v Olean Med. Group, P.C.,* 17 AD3d 1094 [2005]; *Kiker v Nassau County,* 175 AD2d 99, 101 [1991]).

Contrary to St. Martin's contention, the jury verdict apportioning liability among the defendants as follows: 41.5% each to Vargas and himself, and 17% to Gasalberti, was based upon a fair interpretation of the evidence and therefore should not be set aside (*see Collins v Seligman,* 276 AD2d 662 [2000]).

Moreover, when evaluating whether an assessment of damages is excessive, this Court must determine whether it deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Iovine v City of New York,* 286 AD2d 372 [2001]). We conclude that the damages awarded here were excessive to the extent indicated.

Further, the order and judgment erroneously omitted to take into account the jury's apportionment of liability among the defendants, none of whom was found to be more than 50% liable for the plaintiff's injuries. This had the effect of erroneously holding all three defendants jointly and severally liable for the entire noneconomic damages award, rather than just severally liable for such damages, in violation of CPLR 1601 (1). Accordingly, after a new trial involving noneconomic damages or, in the event that the plaintiff stipulates to a reduction of said damages as provided herein, the amended judgment shall reflect the jury's apportionment of liability, in compliance with CPLR 1601 (1).

The judgment does not comply with Judiciary Law § 474-a (3) insofar as it permits the plaintiff's attorney to recover 33.33% of the accrued interest on the judgment, rather than basing compensation on the sliding scale provided in Judiciary Law § 474-a (2). Accordingly, we modify the judgment to reflect that counsel's compensation shall be in accordance with that statute.

The defendants' remaining contentions are unpreserved for appellate review or without merit. Adams, J.P., Skelos, Fisher and Covello, JJ., concur.