■ EMILIANO CARRERO, Appellant, v GENERAL FORK LIFT CO., INC., Respondent. [828 NYS2d 176]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated July 19, 2005, which, upon a jury verdict, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly was injured while operating a pallet jack owned by his employer and repaired by the defendant. Approximately a month and a half before the plaintiff's accident, the plaintiff contacted the defendant to repair the pallet jack's malfunctioning brakes. The defendant repaired the brakes. A few days before the accident, the plaintiff again contacted the defendant to have it service the pallet jack's brakes. However, on the date of the accident, the plaintiff operated the pallet jack even though he was aware that its brakes had not yet been repaired.

Based upon the evidence, the trial court properly instructed the jury on the doctrine of implied assumption of risk (*see* CPLR 1411; PJI3d 2:55 [2006]; *Rocklin v Beigert*, 224 AD2d 605 [1996]; *see also Arbegast v Board of Educ. of S. New Berlin*

*Cent. School*, 65 NY2d 161, 169 [1985]; *Weller v Colleges of the Senecas*, 217 AD2d 280, 283 [1995]). Contrary to the plaintiff's contention, the court properly instructed the jury to first consider the defendant's negligence before considering the plaintiff's comparative negligence and assumption of risk.

Since the plaintiff never made any specific arguments to establish his entitlement to a missing witness charge, his contention that the court improperly failed to give one is unpreserved for appellate review (*see People v Lopez*, 19 AD3d 510 [2005]). In any event, the trial court properly declined to give the charge as the plaintiff's request for the charge was untimely made after the close of the evidence (*see People v Ramos*, 19 AD3d 436 [2005]; *People v Wright*, 2 AD3d 546 [2003]; *Thomas v Yang S. Choi*, 270 AD2d 336 [2000]; *cf. Morgan v Rosselli*, 23 AD3d 356 [2005]).

The plaintiff's remaining contention is without merit. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.