■ SUKI BEGUM, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Defendants, and ALLIED CENTRAL AMBULETTE SERVICE, Appellant. [836 NYS2d 710]—

In an action to recover damages for personal injuries, the defendant Allied Central Ambulette Service appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated November 28, 2005, which, upon a jury verdict in its favor, granted that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside the verdict as against the weight of the evidence and for a new trial.

Ordered that the order is affirmed, with costs.

The plaintiff, who suffered from polio as a child and was confined to a wheelchair, was injured in a fall down a staircase in her apartment building. Before the accident, the defendant Allied Central Ambulette Service (hereinafter the appellant) was responsible for transporting the plaintiff to the hospital from her apartment. As a single attendant, employed by the appellant, attempted to take the plaintiff and her wheelchair down a flight of steps, the plaintiff was thrown from the chair. The jury found the appellant negligent, but found that its negligence was not a substantial factor in causing the accident. The Supreme Court granted that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside the verdict as against the weight of the evidence and for a new trial. We affirm.

Here, the jury could not have found that the appellant's negligence in transporting the plaintiff was not a substantial factor in causing the accident on any fair interpretation of the evidence (see Karsdon v Barringer, 20 AD3d 551 [2005]; Bendersky v M & O Enters. Corp., 299 AD2d 434 [2002]; Vartabedian v Hospital for Special Surgery, 292 AD2d 520 [2002]). Accordingly, the trial court providently exercised its discretion in setting aside the jury verdict and granting a new trial.

In light of our determination, we need not reach the appellant's remaining contentions. Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.