■ MARC BECK, Respondent, v NORTHSIDE MEDICAL et al., Defendants, and WYCKOFF HEIGHTS MEDICAL CENTER, Appellant. [846 NYS2d 662]—

In an action to recover damages for medical malpractice, the defendant Wyckoff Heights Medical Center appeals from a judgment of the Supreme Court, Kings County (Steinhardt, J.), dated July 13, 2006, which, inter alia, upon a jury verdict finding it 75% at fault for the plaintiff's injuries and finding the defendant Wyckoff Heights Emergency Medical Services, P.C., 25% at fault for the plaintiff's injuries, and awarding the plaintiff damages in the principal sums of $800,000 for past pain and suffering, and $400,000 for future pain and suffering, and upon an order of the same court dated May 31, 2006, denying those branches of its motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict as against the weight of the evidence, or to set aside on the ground of excessiveness the jury verdict as to damages for past and future pain and suffering, is in favor of the plaintiff and against it in the principal sum of $900,000.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, that branch of the motion pursuant to CPLR 4404 (a) which was to set aside on the ground of excessiveness the jury verdict as to damages for past and future pain and suffering is granted, the order dated May 31, 2006, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past and future pain and suffering, unless within 30 days after service upon him of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $800,000 to the sum of $600,000, and for future pain and suffering from the sum of $400,000 to the sum of $300,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On a prior appeal in this matter, we concluded that the

Supreme Court erred in granting that branch of the motion of the defendant Wyckoff Heights Medical Center (hereinafter Wyckoff) pursuant to CPLR 4404 (a) which was to set aside the jury verdict and to direct entry of judgment in its favor (*see Beck v Northside Med.,* 25 AD3d 631 [2006]). We remitted the matter to the Supreme Court, Kings County, to determine the remaining branches of that motion. By order dated May 31, 2006, the Supreme Court denied those branches of the motion which were to set aside the jury verdict as against the weight of the evidence, or to set aside on the ground of excessiveness the jury verdict as to damages for past and future pain and suffering. Thereafter, the court entered judgment against Wyckoff. Wyckoff now appeals from the judgment, contending, among other things, that the jury's apportionment of liability was against the weight of the evidence and that the trial court erred in denying its request for an assumption of risk charge. We disagree with those contentions, but agree with Wyckoff's contention that the jury verdict as to damages for past and future pain and suffering was excessive.

On October 16, 1999 the plaintiff presented to the defendant Wyckoff Heights Emergency Medical Services, P.C. (hereinafter Wyckoff Heights Emergency), with an infection of his right fifth finger that required in-patient treatment. Following an examination by the defendant Dr. Glen Asaeda, who was employed by Wyckoff Heights Emergency, and a subsequent examination by the defendant Dr. Andrei Kranz, who was employed by Wyckoff, the plaintiff was not admitted to the hospital. While Dr. Asaeda initially intended to admit the plaintiff in order to provide him with intravenous antibiotics, the evidence adduced demonstrated that Dr. Kranz instructed Dr. Asaeda not to admit the plaintiff. Wyckoff argues that the jury verdict apportioning liability is against the weight of evidence as Dr. Asaeda was primarily at fault. On the contrary, the jury verdict apportioning liability among the defendants, 75% to Wyckoff and 25% to Wyckoff Heights Emergency, was based upon a fair interpretation of the evidence and therefore should not be set aside (*see e.g. Herrera v St. Martin,* 34 AD3d 529 [2006]).

A comparative negligence charge based on assumption of risk (*see* CPLR 1411; PJI3d 2:55) may be given where there is evidence that a plaintiff voluntarily assumes "the risk of harm from defendant's conduct with full understanding of the possible harm to himself or herself" (*Arbegast v Board of Educ. of S. New Berlin Cent. School,* 65 NY2d 161, 169 [1985]). Contrary to Wyckoff's contention, there was no evidence adduced at trial to support such a charge (*see e.g. Vartabedian v Hospital for*

*Special Surgery,* 292 AD2d 520, 521 [2002]; *cf. Carrero v General Fork Lift Co., Inc.,* 36 AD3d 577 [2007]).

However, the court should have granted that branch of Wyckoff's motion pursuant to CPLR 4404 (a) which was to set aside on the ground of excessiveness the jury verdict as to damages for past and future pain and suffering because such damages, to the extent indicated, deviate materially from what would be reasonable compensation under the circumstances of this case (*see* CPLR 5501 [c]; *Biejanov v Guttman,* 34 AD3d 710 [2006]; *Araujo v Marion Mixers,* 289 AD2d 428, 429 [2001]; *Charles v Day,* 289 AD2d 190 [2001]).

Wyckoff's remaining contention does not warrant a new trial. Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur.