■ Luke Strychalski, Plaintiff, and Nestor Estrada, Appellant, v Vincent M. Dailey et al., Respondents. [883 NYS2d 586]—

In an action to recover damages for personal injuries, the plaintiff Nestor Estrada appeals from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered November 18, 2008, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff Nestor Estrada (hereinafter the plaintiff) established that collateral estoppel effect should be given to the plea of guilty entered by the defendant Vincent M. Dailey (hereinafter the defendant) to the offense of vehicular assault in the second degree, thereby establishing the defendant's negligence as a proximate cause of the accident (*see Blaich v Van Herwynen,* 37 AD3d 387, 388 [2007]; *Martin v Geico Direct Ins.,* 31 AD3d 505 [2006]; *Comprehensive Med. Care of N.Y., P.C. v Hausknecht,* 55 AD3d 777 [2008]). However, the plaintiff failed to establish as a matter of law that he was free from culpable conduct with regard to the causation of his injuries (*see* CPLR 1411; *Arbegast v Board of Educ. of S. New Berlin Cent. School,* 65 NY2d 161 [1985]; *Beck v Northside Med.,* 46 AD3d 499 [2007]; *Regan v Ancoma, Inc.,* 11 AD3d 1016 [2004]; *Halvorsen v Ford Motor Co.,* 132 AD2d 57 [1987]). An individual who accepts a ride in a vehicle, with knowledge that the operator may be intoxicated, takes a risk that injury might occur. That risk should be considered as part of the analysis of the comparative negligence of the passenger and the operator of the vehicle (*see generally Arbegast v Board of Educ. of S. New Berlin Cent. School,* 65 NY2d at 166-170; *Beck v Northside Med.,* 46 AD3d at 500; *Regan v Ancoma, Inc.,* 11 AD3d at 1016; *Halvorsen v Ford Motor Co.,* 132 AD2d at 62). Since triable issues of fact exist as to the comparative negligence of the plaintiff and the defendant, the plaintiff failed to meet his prima facie burden of demonstrating entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *see also Sale v Lee,* 49 AD3d 854 [2008]; *Valore v McIntosh,* 8 AD3d 662 [2004]), and the Supreme Court properly denied his motion for summary judgment on the issue of liability. Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.