■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SMITH, Appellant. [898 NYS2d 599]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered March 3, 2008, convicting him of assault in the third degree and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant alleged that on April 21, 2007, she and her boyfriend at the time, Ronald Knight, chased the defendant out of her grandmother's house after discovering him there without permission. In an altercation that initially occurred between Knight and the defendant, the defendant struck the complainant in the forehead with a wooden object. The People did not call Knight as a witness. The defendant contends that the Supreme Court erred in denying his request for a missing witness charge and erred in precluding defense counsel, on summation, from commenting on Knight's failure to testify. We disagree.

The party seeking a missing witness charge bears the initial burden of "showing that the uncalled witness could be expected to have knowledge about a material issue and to testify favorably to the opposing party" (*People v Kitching*, 78 NY2d 532, 536-537 [1991]). Once this prima facie showing is made, the opposing party, in order to defeat the request, must "account for the witness'[s] absence or otherwise demonstrate that the charge would not be appropriate" (*People v Gonzalez*, 68 NY2d 424, 428 [1986]). The request can be defeated by demonstrating, inter alia, that the uncalled witness is not under the party's control and, thus, would not be expected to testify in that party's favor (*see People v Gonzalez*, 68 NY2d at 429; *People v Marsalis*, 22 AD3d 866, 868 [2005]).

Although the defendant met his prima facie burden by showing that Knight would have material knowledge regarding the defendant's intent, and that Knight could be expected to testify favorably to the People (*see People v Gonzalez*, 68 NY2d at 428), the People countered by demonstrating that Knight was not under their control. Control is the defining element of the " 'favorability' component" (*People v Savinon*, 100 NY2d 192, 201 [2003]) articulated in *Gonzalez*. A witness may be in the control of one party if the witness, "by nature of his [or her] status or otherwise," is "favorable to or under the influence of one party and hostile to the other" (*People v Gonzalez*, 68 NY2d at 429). Here, by the time of trial Knight and the complainant were no longer dating each other, Knight had been arrested and had spent time in jail for assaulting the complainant, and an or-

der of protection obtained by the complainant against Knight was in effect. Knight was not in contact with anyone involved in the case, had indicated his unwillingness to cooperate, and had subsequently discontinued his phone service. In sum, the People gave a "good reason for the witness's absence" (*People v Savinon*, 100 NY2d at 196), and the defendant offered no evidence to rebut their assertion.

Moreover, since defense counsel's summation comments were in direct conflict with the Supreme Court's rulings, and because the Supreme Court had specifically precluded the People from eliciting testimony to explain Knight's absence, there was no good faith reason for defense counsel to comment on Knight's absence, and reference to Knight's absence, thus, was properly precluded (*see People v Tankleff*, 84 NY2d 992, 994-995 [1994]; *People v McCollough*, 16 AD3d 183 [2005]). Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur.