■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SPINELLI, Appellant. [913 NYS2d 582]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.) rendered September 17, 2008, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in denying his request for a missing witness charge is unpreserved for appellate review since the specific arguments he now makes were not raised before the trial court (*see* CPL 470.05 [2]; *People v Lopez*, 19 AD3d 510, 511 [2005]). In any event, the contention is without merit, as the defendant failed to demonstrate that the testimony of the witness in question would have been favorable to the People (*see People v Keen*, 94 NY2d 533, 539 [2000]; *People v Smith*, 71 AD3d 1174, 1175 [2010]) or that the witness was under the People's control (*see People v Jacobs*, 65 AD3d 594, 596 [2009]). Moreover, the witness was equally available to both parties (*see People v Clas*, 54 AD3d 770, 771 [2008]).

The defendant's contention that various comments made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review, as the defendant either did not object to the remarks at issue (*see* CPL 470.05 [2]), made only general one-word objections (*see People v Salnave*, 41 AD3d 872, 874 [2007]), or failed to seek curative

instructions or a mistrial when the trial court sustained the objections (*see People v Muniz*, 44 AD3d 1074 [2007]; *People v White*, 5 AD3d 511 [2004]). In any event, the challenged portions of the prosecutor's summation constituted fair response to the defense summation, or fair comment on the evidence and the reasonable inferences to be drawn therefrom (*see People v Amico*, 78 AD3d 1190 [2010]; *People v Kurney*, 69 AD3d 957 [2010]; *People v Bowman*, 58 AD3d 747, 748 [2009]). Covello, J.P., Eng, Chambers and Hall, JJ., concur.