■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN PRINCE, Appellant. [24 NYS3d 519]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered November 19, 2013, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's request to charge the jury on criminally negligent homicide as a lesser-included offense of murder in the second degree. There is no reasonable view of the evidence, viewed in the light most favorable to the defendant (*see People v Rivera*, 23 NY3d 112, 120-121 [2014]; *People v Martin*, 59 NY2d 704, 705 [1983]), which would support a finding that the defendant acted with criminal negligence (*see People v Hill*, 266 AD2d 473, 474 [1999]; *People v Stephens*, 198 AD2d 245, 245-246 [1993], *affd* 84 NY2d 990 [1994]; *People v Duncan*, 55 AD2d 690, 690 [1976]).

The defendant's contention that the trial court erred in denying his request for a missing witness charge is partially unpreserved for appellate review, since some of the specific arguments he now makes were not raised before the Supreme Court (*see* CPL 470.05 [2]; *People v Spinelli*, 79 AD3d 1152, 1152 [2010]; *People v Lopez*, 19 AD3d 510, 511 [2005]). In any event, the contention is without merit, as the defendant failed to meet his burden of demonstrating that the witnesses were under the People's control (*see People v Savinon*, 100 NY2d 192, 200 [2003]; *People v Roseboro*, 127 AD3d 998, 999 [2015]).

The sentence imposed was not excessive (*see People v Suitte*,

90 AD2d 80 [1982]). Dillon, J.P., Hall, Roman and Duffy, JJ., concur.