■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN AYALA, Appellant. [25 NYS3d 889]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 23, 2007 (*People v Ayala*, 36 AD3d 827 [2007]), affirming a judgment of the Supreme Court, Kings County, rendered January 11, 2005.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BAE, Appellant. [25 NYS3d 887]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered May 7, 2012, convicting him of gang assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court erred in denying his request for a missing witness charge is only partially preserved for appellate review since some of the specific arguments he now makes were not raised at trial (*see* CPL 470.05 [2]; *People v Facey*, 104 AD3d 788, 789 [2013]; *People v Spinelli*, 79 AD3d 1152 [2010]; *People v Lopez*, 19 AD3d 510, 511 [2005]). In any event, this contention is without merit, as the defendant failed to demonstrate that the testimony of the witness in question would have been favorable to the People (*see People v Keen*, 94 NY2d 533, 539 [2000]; *People v Gonzalez*, 68 NY2d 424, 428 [1986]), or that the witness was under the People's control (*see People v Smith*, 71 AD3d 1174, 1175 [2010]; *People v Jacobs*, 65 AD3d 594, 596 [2009]). The witness was equally available to both parties (*see People v Clas*, 54 AD3d 770, 771 [2008]).

Under the circumstances of this case, including the seriousness of the crime and the defendant's subsequent arrests, the Supreme Court providently exercised its discretion in denying the defendant youthful offender treatment (*see generally People v Drayton*, 39 NY2d 580, 584 [1976]).

The defendant's remaining contention is without merit. Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.