The People of the State of New York, Respondent,
against
Timothy Noel, Appellant.




Koch Law (Lee Koch of counsel), for appellant.
Kings County District Attorney, (Leonard Joblove, Ruth E. Ross and Daniel Berman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Curtis J. Farber, J.), rendered May 5, 2015. The judgment convicted defendant, after a nonjury trial, of nine counts of sexual abuse in the third degree, and one count each of menacing in the third degree, harassment in the second degree, public lewdness, and exposure of a person, and imposed sentence.




ORDERED that the judgment of conviction is affirmed. 
After a nonjury trial, defendant was convicted of nine counts of sexual abuse in the third degree (Penal Law § 130.55), and one count each of menacing in the third degree (Penal Law § 120.15), harassment in the second degree (Penal Law § 240.26 [2]), public lewdness (Penal Law § 245.00 [a]), and exposure of a person (Penal Law § 245.01). At the trial, the victim testified that she had been employed as a job training participant (JTP) with the New York City Parks Department and that defendant had been her supervisor. She testified, in detail, that defendant had committed numerous acts of sexual abuse and other offenses between March 25 and May 19, 2013. She testified as to the various lewd remarks defendant had made to her, including, when she had first gotten the job as a JTP, that defendant, while looking at her crotch and licking his lips, had exclaimed, "them legs, them legs." She recalled that defendant had stated that he would "get" every female who worked at least two weeks under his supervision. She testified that, on [*2]her day off, defendant had asked her to come to the office and, after making sexual comments, had exposed his penis to her. She also testified in detail with respect to an incident that had occurred in a Parks Department vehicle at a red light on Eastern Parkway, in which defendant had exposed his penis and told her to touch it.
In exercising the court's factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony. This court must first determine whether an acquittal would not have been unreasonable based upon the evidence presented and, second, whether the trier of fact failed to accord the evidence the weight it should have been accorded (see Danielson, 9 NY3d at 348). Here, an acquittal would have been unreasonable based on the victim's extremely detailed testimony. Thus, we find that the verdict of guilt was not against the weight of the evidence.
Defendant's contention that the court should have provided itself with a missing witness charge is unpreserved for appellate review (see People v Watson, 245 AD2d 87, 88 [1997]; People v Klass, 47 Misc 3d 156[A], 2015 NY Slip Op 50899[U] [App Term, 1st Dept 2015]). In any event, defendant's claim is without merit. The prosecutor is not required to present the testimony of all eyewitnesses. Here, the testimony of the uncalled witnesses would merely have been cumulative (see People v Keen, 94 NY2d 533, 539 [2000]; People v Gonzalez, 68 NY2d 424, 427-428 [1986]). Furthermore, with respect to one JTP of whose identity defendant was aware, defendant chose not to call her as a witness (see People v Buckler, 39 NY2d 895, 897 [1976]). We note that the uncalled witnesses were all either JTPs or Parks Department employees, and were equally available to both parties (see People v Gonzalez, 68 NY2d at 429; People v Bae, 137 AD3d 804 [2016]).
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 28, 2018