The People of the State of New York, Respondent, 
against
Michael Coger, Appellant.




Appellate Advocates (Alice R. B. Cullina of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott and Michelle Kaszuba of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Stephanie L. Zaro, J.), rendered September 13, 2016. The judgment convicted defendant, after a nonjury trial, of attempted criminal obstruction of breathing or blood circulation, and harassment in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
The People charged defendant, in a superseding information, with attempted criminal obstruction of breathing or blood circulation (Penal Law §§ 110.00, 121.11 [a]) and harassment in the second degree (Penal Law § 240.26 [1]). At a nonjury trial, a police officer, the People's sole witness, testified that he and a partner, while on motor patrol, had been parked in front of a laundromat when a female approached them, in considerable distress, and requested their assistance. The two officers exited their vehicle and observed defendant leave the laundromat and repeatedly order the female to "shut the fuck up" before placing both of his hands around the female's neck and lifting her up by the neck until the female's toes barely touched the ground. The officer heard the female gasping for breath, and the two officers intervened to separate defendant and the female, whose neck exhibited bruising and redness. On defendant's case, defendant and the female both testified that she had been intoxicated during the incident, that she and a laundromat worker had engaged in a verbal dispute, and that defendant's only physical contact with the female had been his placing his hands on her shoulders and directing her away from the laundromat worker. Shortly before the People rested, the defense asked for missing witness charges with respect to the laundromat worker, later withdrawn, and for the nontestifying [*2]police partner. Without affording the People an opportunity to respond, the Criminal Court denied the request on the ground that the partner's testimony would be cumulative. In his summation, defendant's counsel argued that the court should draw a negative inference from the absence of the partner's testimony. The Criminal Court, finding the People's witness to be credible and the female's testimony to be lacking in credibility, convicted defendant of attempted criminal obstruction of breathing or blood circulation, and harassment in the second degree. Defendant argues that the rejection of the missing witness charge was error because the testifying witness was the People's only witness and his testimony was uncorroborated and internally inconsistent, and because the defense produced witnesses contradicting the People's proof.
The several arguments defendant raises on the appeal were not raised in the Criminal Court and, thus, are not preserved for review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]; People v Lopez, 19 AD3d 510, 511-512 [2005]; see also People v Bae, 137 AD3d 804, 804 [2016]; People v Prince, 136 AD3d 844, 844 [2016]; Carrero v General Fork Lift Co., Inc., 36 AD3d 577, 578 [2007]). In any event, assuming that the court's denial of the request on the ground that the testimony of the absent officer would be cumulative preserves that issue for appellate review (see e.g. People v Parker, 32 NY3d 49, 57 [2018]; People v Finch, 23 NY3d 408, 413 [2014]), the claim is without merit. "Testimony is properly precluded as cumulative when it would neither contradict nor add to that of other witnesses" (Segota v Tishman Constr. Corp. of NY, 131 AD3d 851, 853 [2015], citing People v Brown, 57 AD3d 238, 239 [2008]; see also People v Macana, 84 NY2d 173, 180 [1994]). It is undisputed that the uncalled partner had sat next to the testifying officer in their patrol car when the female had first approached them, exited the vehicle with the testifying officer to investigate the basis of her distress, stood beside the testifying officer when defendant emerged from the laundromat and seized the female by the throat, and cooperated with the testifying officer to free the female from defendant's grip and to arrest defendant. Defendant offered no argument, on the facts or law, that would render the court's determination an improvident exercise of discretion, and there is nothing in this record to suggest that the partner possessed information about the incident that would have so materially added to or contradicted the testimony of the People's witness as to render it noncumulative (see People v Almodovar, 62 NY2d 126, 133 [1984]; People v Olson, 162 AD3d 1249, 1251 [2018]). The People need not "call . . . every witness to a crime or . . . make a complete and detailed accounting to the defense of all law enforcement investigatory work" (People v Buckler, 39 NY2d 895, 897 [1976] [internal quotation marks omitted]; see e.g. People v Watts, 58 AD3d 647, 648 [2009]). In any event, in the context of this nonjury trial, the People's proof, and defense counsel's unrestricted summation comment upon the People's failure to produce the complainant at trial (see People v Rampersad, 158 AD3d 727, 728-729 [2018]; People v Locenitt,157 AD3d 905, 907 [2018]; People v Wilkins, 75 AD3d 847, 849 [2010]; People v Demagall, 63 AD3d 34, 40 [2009]; cf. People v Krupnik, 46 Misc 3d 142[A], 2015 NY Slip Op 50174[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), any error in failing to adopt a negative inference from the partner's absence was harmless (see People v Viruet, 29 NY3d 527, 533 [2017]; e.g. People v Wilson, 115 AD3d 891, 891-892 [2014]; People v Jackson, 59 Misc 3d 139[A], 2018 NY Slip Op 50593[U], *1 [App Term, 1st Dept 2018]; see also People v Rice, 75 NY2d 929 [1990]; People v Williams, 52 Misc 3d 141[A], 2016 NY Slip Op 51171[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 29, 2019