People v Williams (2023 NY Slip Op 01809)

People v Williams

2023 NY Slip Op 01809

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2018-08415
 (Ind. No. 7382/14)

[*1]The People of the State of New York, respondent,
v
Terrell Williams, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, and Rachel Raimondi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered June 20, 2018, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree based upon his conduct of shooting the decedent on a public street, causing his death.
Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court did not improvidently exercise its discretion in denying the defendant's request for a missing witness charge with respect to an individual who was standing in the vicinity of the crime at the time it occurred, and who was placed under arrest for the shooting but released the same day. A defendant seeking a missing witness charge bears the initial burden of demonstrating that an uncalled witness "could be expected to have knowledge about a material issue and to testify favorably" to the People (People v Kitching, 78 NY2d 532, 536-537; see People v Smith, 33 NY3d 454, 459). The People can defeat the initial showing by, among other things, demonstrating that the witness was not under their control (see People v Smith, 71 AD3d 1174, 1175; see generally People v Gonzalez, 68 NY2d 424, 429). "[F]or purposes of the uncalled witness rule, control 'does not concern physical availability but rather the relationship between the witness and [*2]the parties'" (People v Savinon, 100 NY2d 192, 200, quoting People v Gonzalez, 68 NY2d at 429). "Where there is 'a relationship, in legal status or on the facts, as to make it natural to expect the party to have called the witness to testify in his [or her] favor,' the so-called control element is satisfied" (People v Savinon, 100 NY2d at 200, quoting People v Gonzalez, 68 NY2d at 429). On the other hand, when "the witness is a stranger to both parties and thus cannot be expected to testify favorably to one party or the other, then generally no unfavorable inference may be drawn from the failure of either party to call the witness" (People v Gonzalez, 68 NY2d at 429).
Here, while the defendant met his initial burden, the People rebutted that showing by demonstrating that the uncalled witness, who had no relationship to the decedent, had been arrested, brought to a police station, and then released in connection with the defendant's offense, had refused to return the prosecutor's phone calls, and had communicated his unwillingness to come in to testify, could not be expected to testify favorably for the People so as to be considered under their control (see People v Smith, 71 AD3d at 1175).
Contrary to the defendant's contention, admission of an autopsy report redacted to eliminate opinions did not violate his right of confrontation. As determined by the Court of Appeals in decisions binding upon this Court, the non-opinion portion of the autopsy report was nontestimonial in nature (see People v John, 27 NY3d 294, 315; People v Freycinet, 11 NY3d 38, 42; see also People v Ganthier, 195 AD3d 639, 640). The defendant's reliance upon contrary, nonbinding authority is unavailing (see Garlick v Lee, 1 F4th 122 [2d Cir]; see generally People v Kin Kan, 78 NY2d 54, 59-60).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court