**Rosario v Newyork Presbyt. Hosp.**

2025 NY Slip Op 32138(U)

June 13, 2025

Supreme Court, New York County

Docket Number: Index No. 450858/2019

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JOHN J. KELLEY**

*Justice*

PART      **56M**

-------------------------------------------------------------------X

CYNTHIA ROSARIO, as administratrix of the Estate of
MIREYA ROSARIO, deceased, and CYNTHIA
ROSARIO, individually,

         Plaintiff,

- v -

NEW YORK PRESBYTERIAN HOSPITAL and ISABELLA
GERIATRIC CENTER,

         Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 450858/2019 |
| MOTION DATE | 03/17/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77

were read on this motion to/for      APPROVE DECEDENT'S COMPROMISE ORDER .

In this action to recover damages for medical malpractice (first cause of action), pursuant to Public Health Law §§ 2801-d and 2803-c for purported violations of statutes and regulations governing nursing homes (second cause of action), lack of informed consent (third cause of action), negligent hiring, training, supervision, and retention of health-care employees (fourth cause of action), loss of spousal consortium (fifth cause of action), and wrongful death (sixth cause of action), the plaintiff moves for leave to compromise the claims that she had asserted on behalf of her decedent. The motion is granted in accordance with the decedent's compromise order dated June 13, 2025, which was uploaded to the New York State Court Electronic Filing system as Docket Entry No. 78. That order revised the request by the plaintiff's attorneys for the approval of fees to reflect that the sliding scale fee schedule referable to medical malpractice actions articulated in Judiciary Law § 474-a(2) is applicable to this matter.

Although the plaintiff's attorney requested that, based upon the firm's retainer agreement with the plaintiff, the court should award his firm a contingency fee equal to one third of the net

[* 1]

recovery, the court concludes that the sliding scale contingency fee applicable to medical malpractice actions (*see* Judiciary Law § 474-a[2]) must govern the award of attorneys' fees in this action. In his affirmation, the plaintiff's attorney asserted that the plaintiff's claims were based on the fact that the decedent fell at either New York Presbyterian Hospital (NYPH) or Isabella Geriatric Center (Isabella) on February 1, 2017, that "the decedent was caused to fall while under the defendants' care as a result of the negligence of the defendants, causing her to suffer a traumatic brain injury and a craniotomy, and resulting in decedent's wrongful death on June 12, 2017," and that she was under the care of either or both of those defendants from February 1, 2017, through June 12, 2017. In her complaint, the plaintiff alleged, among other things, that

> "[t]he defendants, their agents, servants, partners, attendings, residents and/or employees were negligent *in the care rendered* for and on behalf of the plaintiff, in negligently failing and neglecting to use *reasonable care in the services and care rendered* for and on behalf of the injured plaintiff, in negligently and carelessly neglecting *to heed plaintiff's condition, in negligently departing from accepted practices* in the services rendered for and on behalf of the plaintiff, in failing to follow good practice, in performing contraindicated procedures on the plaintiff, in failing to perform indicated procedures in a proper manner, in performing indicated procedures negligently on the plaintiff and negligently performing procedures on the plaintiff."

(emphasis added). In addition, the plaintiff alleged in her complaint that Isabella failed to furnish her decedent and other nursing home residents with "sufficient nursing staff to provide nursing and related services to attain and maintain the highest practicable physical, mental, and psycho-social well-being of each resident." The implication is that the defendants would be held liable not for a standard slip- or trip-and-fall accident, but for failing properly to assess the decedent for her risk of falling, for failing to provide proper monitoring or equipment to prevent falls, and for failing to provide adequate medical care from the date of her fall to the date of her death.

These claims sound in medical malpractice rather than general negligence, since the alleged failures to act constituted "an integral part of the process of rendering medical treatment" and diagnosis (*Scott v Uljanov*, 74 NY2d 673, 675 [1989]; *see Thurston v Interfaith*

INDEX NO. 450858/2019 ROSARIO, CYNTHIA vs. NEW YORK PRESBYTERIAN HOSPITAL    Page 2 of 5
SEQ 001

[* 2]

2 of 5

*Med. Ctr.*, 66 AD3d 999 [2d Dept 2009]; *Caso v St. Francis Hosp.*, 34 AD3d 714, 715 [2d Dept 2006] [where incident arose out of the alleged failure of physician to order bed rails and/or restraints to prevent falls, it involved assessment of patient's supervisory and treatment needs and, thus, the underlying claim sounded in medical malpractice]; *see also Bell v WSNCHS N., Inc.,* 153 AD3d 498, 500 [2d Dept 2017] [same]). Although the plaintiff's attorney implicitly suggested that the defendants' failure to monitor the decedent for complications arising from her fall constituted general negligence and violations of statutes and regulations covered by the Public Health Law, a nursing home's negligent failure to monitor a resident's underlying medical conditions constitutes a departure from good and accepted care in the provision of nursing services services (*see Moore v St. James Health Care Ctr., LLC,* 2014 NY Slip Op 31461[U], *5-6, 2014 NY Misc LEXIS 2532, *14 [Sup Ct, Suffolk County, May 22, 2014]). In any event, inasmuch as a significant portion of the complaint was premised upon the defendants' purported failure to provide the decedent with appropriate medical care between February and June 2017, it is clear that the gravamen of this action was medical malpractice.

Where, as here, the gravamen of the action is medical malpractice, the fee schedule set forth in Judiciary Law § 474-a must apply (*see Matter of Johnson*, 2012 NYLJ LEXIS 4940, *3-4 [Surr Ct Queens County, Aug. 27, 2012]; *see also Hererra v St. Martin*, 34 AD3d 529, 531 [2d Dept 2006]). This matter does not present a situation in which a medical malpractice cause of action already had been dismissed, and a plaintiff recovered only under a theory of general negligence, which would indeed support a one-third contingency fee (*see Bermeo v Atakent*, 276 AD2d 361 [1st Dept 2000]). Here, instead, the application for approval of the decedent's compromise order simply omitted any mention of the medical malpractice cause of action, which has not been dismissed or removed from the action.

The court notes that there is nothing in the plaintiff's submissions that indicated that the plaintiff herself was aware that the fees that her attorney requested were greater than those permitted by law. In the absence of proof of the existence of "extraordinary circumstances" that

INDEX NO. 450858/2019   ROSARIO, CYNTHIA vs. NEW YORK PRESBYTERIAN HOSPITAL          Page 3 of 5
SEQ 001

[* 3]

3 of 5

would support the award of an enhanced fee (*see* Judiciary Law §474-a[4]), the court concludes that the plaintiff's attorney is entitled only to fees based on the schedule articulated in Judiciary Law § 474-a(2). It further notes, however, that the plaintiff's attorney properly based the fee based on a percentage of the net recovery.[1]

After deducting expenses and disbursements in the sum of $6,757.56 from the gross recovery of $417,500.00, the plaintiff's attorneys obtained a net recovery of $410,742.64. Pursuant to Judiciary Law § 474-a(2), the plaintiff's attorneys are entitled to fees equal to 30% of the first $250,000.00 of that sum, or $75,000.00, plus fees equal to 25% of the remaining $160,742.64, or $40,185.66, for a total fee in the sum of $115,185.66, rather than the $139,166.66 that was requested. The attorneys thus are entitled to retain, from the settlement proceeds, the sum of $115,185.66 plus the $6,757.56 for reimbursement of its expenses, for a total of $121,943.02. Consequently, the plaintiff is entitled to the sum of $295,556.98, rather than the $271,575.98 set forth in the proposed decedent's compromise order submitted to the court. The plaintiff shall be obligated to repay, from that $295,556.98, any liens on her recovery that are held by Medicare, Medicaid, or any private insurer who may be entitled to such repayment.

Accordingly, it is,

---

[1] Although fees premised upon the schedule set forth in Judiciary Law § 474-a(2) generally "are calculated on the *net sum recovered* by the plaintiff after deducting 'full expenses and disbursements for expert testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action'" (*Yalango v Popp*, 84 NY2d 601, 606 [1994], quoting Judiciary Law § 474-a[3] [emphasis added]), after the Legislature amended Judiciary Law § 488(2)(d) in 2006 (*see* L 2006, ch 635, § 1), "in an action in which an attorney's fee is payable in whole or in part as a percentage of the recovery in the action," a client may, under certain circumstances, elect to have the attorney pay on his or her "own account court costs and expenses of litigation," and, "[i]n such case, the fee paid to the attorney from the proceeds of the action may include an amount equal to such costs and expenses incurred" (Judiciary Law § 488[2][d]; 22 NYCRR 603.25[e][3][ii]). 22 NYCRR 603.25(e)(1), however, only permits an attorney to calculate attorneys' fees on the gross amount of recovery for "any claim or action for personal injury or wrongful death, *other than one alleging medical, dental or podiatric malpractice*" (*id.*) (emphasis added) (*see Matter of Barnhart*, 2016 NYLJ LEXIS 306, *1-2 [Surr Ct, Bronx County, Sep. 13, 2016]). Hence, the calculation of fees here must be based on the net recovery.

INDEX NO. 450858/2019   ROSARIO, CYNTHIA vs. NEW YORK PRESBYTERIAN HOSPITAL          Page 4 of 5
SEQ 001

4 of 5

[* 4]

ORDERED that the plaintiff's motion for permission to compromise her decedent's claim against the defendants is granted and approved to the extent set forth in the decedent's compromise order dated June 13, 2025, and uploaded to the New York State Court Electronic Filing system as Docket Entry No. 78, which order modified the amount of fees to which the plaintiff's attorney is entitled and the amount of the settlement proceeds to which the plaintiff herself is entitled.

This constitutes the Decision and Order of the court.

6/13/2025
DATE

JOHN J. KELLEY, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

INDEX NO. 450858/2019   ROSARIO, CYNTHIA vs. NEW YORK PRESBYTERIAN HOSPITAL          Page 5 of 5
SEQ 001