■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR ROBERTSON, Appellant.—Appeal by the defendant

from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered July 8, 1981, convicting him of robbery in the first degree, assault in the second degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in allowing the leather jacket stolen by the defendant to be admitted into evidence. The complaining witness testified that the jacket found on the defendant at the time of the arrest belonged to the complainant, and he was able to specifically identify it by its size, color, and brand name. This was sufficient to warrant admission of the jacket in evidence (see, People v Julian, 41 NY2d 340; People v Connelly, 35 NY2d 171, 174; People v Donovan, 141 AD2d 835).

The court did not improvidently exercise its discretion in permitting a limited inquiry into the underlying facts of the defendant's 1978 attempted grand larceny arrest (see, People v Sandoval, 34 NY2d 371; People v Williams, 108 AD2d 767).

In addition, the defendant's contention that the prosecutor's opening statement was inadequate has not been preserved for appellate review (see, CPL 470.05 [2]) and, in any event, is without merit (see, People v Kurtz, 51 NY2d 380).

Upon the exercise of factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded the evidence presented are primarily questions for the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and will not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Thompson, J. P., Bracken, Eiber and Balletta, JJ., concur.