■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MURO, Appellant. [636 NYS2d 386] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 8, 1994, convicting him of forgery in the second degree (four counts), falsifying business records in the first degree (five counts), and offering a false instrument for filing in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, counts two, five, eight, nine, ten, eleven, twelve and thirteen of Nassau County Indictment No. 82212 are dismissed and a new trial is ordered on counts one, three, four, six and seven of the indictment.

The People concede that the County of Nassau lacked

geographic jurisdiction to try the defendant on eight of the 13 counts of which he was ultimately convicted. With reference to the remaining five counts, the People concede that the court's charge to the jury on the issue of geographic jurisdiction was manifestly erroneous because it incorrectly instructed that a finding of geographic jurisdiction on one count effectively provided the County with jurisdiction over all the other counts in the indictment. Contrary to the People's contention, we cannot conclude that this error in the court's charge did not prejudice the defendant.

As a general rule, when requested by a defendant, it is for the jury to determine whether there exists a factual predicate to try a defendant in a particular venue *(see, People v Moore, 46 NY2d 1, 6-7)*. In this case, given the nature of the court's charge, we are unable to discern upon which count or counts of the indictment the jury found geographic jurisdiction to exist.

We have examined the defendant's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.