■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY KEYS, Appellant. [794 NYS2d 916]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered June 5, 2002, convicting him of murder in the first degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The Supreme Court properly curtailed the defense counsel's cross-examination of a witness when it did not permit inquiry into the witness's failure to tell his mother that the defendant shot one of the victims. While a witness's prior inconsistent statement may be used to impeach his or her trial testimony even if it does not directly contradict the witness's testimony (*see People v Bornholdt,* 33 NY2d 75 [1973], *cert denied sub nom. Victory v New York,* 416 US 905 [1974]; *People v Jones,* 136 AD2d 740 [1988]), a witness may not be impeached simply by showing that he or she omitted to state a fact or to state it more fully at a prior time (*see People v Bornholdt, supra*). An omission of fact at a prior time is insufficient for impeachment purposes unless it is shown that "at th[at] prior time the witness' attention was called to the matter and that he [or she] was specifically asked about the facts embraced in the question propounded at trial" (*People v Bornholdt, supra* at 88; *see People v Jackson,* 202 AD2d 246 [1994]). Since the defendant failed to show that at the time of the witness's original statement he had been specifically asked about the facts embraced in the questions propounded at trial, the defendant failed to lay a proper foundation and the statement was properly excluded (*see People v Duncan,* 46 NY2d 74 [1978], *cert denied* 442 US 910 [1979]).

Viewing the defense counsel's conduct in its entirety, the defendant was not deprived of the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Rivera,* 71 NY2d 705 [1988]; *People v Baldi,* 54 NY2d 137 [1981]).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal. Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.