■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR MERCADO, Appellant. [904 NYS2d 451]—Appeal by the defendant from a resentence of the County Court, Westchester County (Zambelli, J.), imposed July 24, 2008, upon his conviction of sodomy in the first degree, sexual abuse in the first degree (two counts), aggravated sexual abuse in the second degree (two counts), and obstruction of governmental administration in the second degree, upon a jury verdict.

Ordered that the resentence is affirmed, and the matter is remitted to the County Court, Westchester County, for the issuance of an amended sentence and commitment sheet to provide that the resentence imposed on the defendant's conviction of aggravated sexual abuse in the second degree under count three of the indictment is to run concurrently with the convictions under counts one, two, five, and six of the indictment.

In 2002 the defendant was convicted, upon a jury verdict, of sodomy in the first degree, sexual abuse in the first degree (two counts), aggravated sexual abuse in the second degree (two counts), and obstruction of governmental administration in the second degree. This Court affirmed his conviction (*see People v Mercado*, 6 AD3d 630 [2004]). In 2008 the defendant was resentenced so that the mandatory periods of postrelease supervision could be imposed (*see People v Sparber*, 10 NY3d

457 [2008]). At that time, the County Court pronounced that "all other terms and conditions of the sentence remain in full force and effect, and all other sentences on the other counts remain in full force and effect." Upon the prosecutor's inquiry that "when you indicate all other terms and conditions apply, that implicates the consecutive versus the concurrent," the County Court responded in the affirmative.

The County Court properly resentenced the defendant in order to impose terms of postrelease supervision. However, as the defendant argues, and as the People correctly concede, the superseding sentence and commitment sheet incorrectly reflects that the 15-year sentence imposed on count three, aggravated sexual abuse in the second degree, is to run consecutively to the terms imposed on the other convictions. Rather, it is the five-year sentence previously imposed on count four, sexual abuse in the first degree, that is to run consecutively. Therefore, we remit the matter to the County Court, Westchester County, for the issuance of an amended sentence and commitment sheet to properly reflect the County Court's resentence.

The resentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions in his supplemental pro se brief are without merit. Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.