THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMEL WEBB, Appellant. [932 NYS2d 353]—

The defendant's contention that the trial court erred in admitting his statement, allegedly made "a few weeks" before the robbery, that he knew "the perfect guy to rob in Brooklyn," is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, any error resulting from admission of the challenged statement was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error affected the verdict (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in granting the People's application for a missing-witness charge (*see People v Savinon*, 100 NY2d 192 [2003]; *People v Gonzalez*, 68 NY2d 424 [1986]).

The defendant's contention that the missing-witness charge was insufficient because it varied from the Pattern Jury Instructions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Townsend*, 83 AD3d 969 [2011]). In any event, the charge was sufficient, as it adequately apprised the jury of the applicable law (*see People v Townsend*, 83 AD3d 969 [2011]; *People v Calderon*, 182 AD2d 770 [1992]). Mastro, J.P., Dillon, Sgroi and Miller, JJ., concur.