◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIOUS GREENE, Appellant. [973 NYS2d 239]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered September 2, 2009, convicting him of murder in the second degree, attempted rob-

bery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. Here, defense counsel made appropriate pretrial motions resulting in the trial court conducting *Wade, Huntley, Mapp,* and *Dunaway* hearings (*see United States v Wade,* 388 US 218 [1967]; *People v Huntley,* 15 NY2d 72 [1965]; *Mapp v Ohio,* 367 US 643 [1961]; *Dunaway v New York,* 442 US 200 [1979]), participated actively during voir dire, made a coherent and well-reasoned opening statement, vigorously cross-examined the People's witnesses, consistently made objections, made applications for mistrials, made trial motions to dismiss at the close of the People's case, and, at the end of the trial, presented a defense case of misidentification and a cogent closing statement (*see People v Jenkins,* 103 AD3d 753 [2013]). Moreover, with defense counsel's assistance, the defendant was acquitted of intentional murder in the second degree and attempted murder in the second degree. Viewing the record in its entirety, the defendant received meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Rivera,* 71 NY2d 705 [1988]).

Contrary to the People's contention, the defendant's claim that he was deprived of his constitutional right to confront witnesses by the trial court's ruling that he could not cross-examine the eyewitness about the eyewitness's alleged omission of the assailant's "squinting," "partly closed" left eye in his description of the assailant to the police is preserved for appellate review (*see* CPL 470.05 [2]).

"[A] witness may not be impeached simply by showing that he [or she] omitted to state a fact, or to state it more fully at a prior time" (*People v Bornholdt,* 33 NY2d 75, 88 [1973]). However, impeachment by omission is permissible when the witness omits a critical fact (*see People v Savage,* 50 NY2d 673, 679 [1980]). "An omission of fact at a prior time is insufficient for impeachment purposes unless it is shown that 'at th[at] prior time the witness' attention was called to the matter and that he [or she] was specifically asked about the facts embraced in the question propounded at trial' " (*People v Keys,* 18 AD3d 780, 781 [2005], quoting *People v Bornholdt,* 33 NY2d at 88). " '[C]urtailment [of cross-examination] will be judged improper when it keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony' " (*People v*

*Castellanos*, 65 AD3d 555, 557 [2009], quoting *People v Ashner*, 190 AD2d 238, 247 [1993]). Here, given the eyewitness's testimony which demonstrated that the defendant's "squinting," "partly closed" left eye was a significant factor in his identifying the defendant as the assailant, the trial court erred in precluding the defendant from cross-examining the eyewitness about his omission of this observation of the assailant's appearance when he described the assailant to the police (*see People v Spinelli*, 214 AD2d 135, 140 [1995], citing *Jenkins v Anderson*, 447 US 231, 239 [1980]; *see also People v Dizak*, 93 AD3d 1182 [2012]; *cf. People v Byrd*, 284 AD2d 201 [2001]; *People v Bishop*, 206 AD2d 884 [1994]).

However, the error in precluding the defendant from cross-examining the eyewitness about this omission was harmless, as there was overwhelming evidence of the defendant's guilt, and no reasonable possibility that the error might have contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant's contention that his constitutional rights to due process and to present a defense were violated when the trial court precluded him from calling two witnesses who would purportedly testify in support of his defense is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Lane*, 7 NY3d 888 [2006]). In any event, this contention is without merit. The trial court has broad discretion in determining the materiality and relevance of proffered evidence (*see generally Caplan v Tofel*, 58 AD3d 659 [2009]). Here, the defendant failed to make a sufficient offer of proof that the proposed testimony was relevant, offered in good faith, and not cumulative of other testimony. Therefore, the trial court properly precluded the defendant from calling those witnesses to testify, and this ruling did not deprive the defendant of his constitutional rights to due process and to present a defense.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Chambers, Austin and Roman, JJ., concur.