■ The People of the State of New York, Respondent, v George Marks, Appellant. [9 NYS3d 120]—Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Ingram, J.), rendered December 21, 2010, convicting him of grand larceny in the first degree, grand larceny in the second degree, grand larceny in the third degree, and falsifying business records in the first degree (six counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for the issuance of an amended sentence and commitment sheet, to reflect that the defendant was sentenced to an indeterminate term of 3 to 9 years upon his conviction of grand larceny in the second degree.

The defendant's claim that his right to a fair trial was violated due to the trial court's failure to provide any instructions defining larceny by false pretenses is unpreserved for appellate review (see CPL 470.05 [2]). In any event, contrary to the defendant's contention, the trial court's charges with respect to grand larceny in the second and third degrees were sufficient because they fairly instructed the jury on the correct principles of law to be applied to the case (see People v Ladd, 89 NY2d 893, 895-896 [1996]; People v Pena, 100 AD3d 1024 [2012]; People v Webb, 89 AD3d 874 [2011]).

The defendant's contention that certain remarks made by the prosecutor during summation were improper is without merit, as the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, fair response to arguments made by defense counsel in summation, or fair comment upon the evidence (see People v Galloway, 54 NY2d 396, 400 [1981]; People v Ashwal, 39 NY2d 105, 109 [1976]; People v Dobbins, 123 AD3d 1140 [2014]). Moreover, to the extent that any prejudicial effect may have resulted from some of the challenged remarks, it was ameliorated by the trial court's immediate admonitions (see People v Tosca, 98 NY2d 660 [2002]; People v Philips, 120 AD3d 1266 [2014]; People v Rhodes, 115 AD3d 681 [2014]).

While the defendant's claim that the evidence was legally insufficient to support his convictions of falsifying business records is preserved for appellate review, his claim that the evidence was legally insufficient to support his convictions of grand larceny in the first, second, and third degrees is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that was legally sufficient to establish the defendant's guilt with regard to all of the crimes charged beyond a reasonable doubt (see

*People v Reed*, 22 NY3d 530 [2014]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all of the crimes charged was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim of ineffective assistance of counsel, which is based on matter both appearing on the record and on matter outside of the record, constitutes a mixed claim of ineffective assistance (*see People v Williams*, 120 AD3d 721 [2014]; *People v Maxwell*, 89 AD3d 1108 [2011]; *see also People v Evans*, 16 NY3d 571, 575 n 2 [2011]). As it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel, and the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Williams*, 120 AD3d 721 [2014]; *People v Addison*, 107 AD3d 730 [2013]; *People v Freeman*, 93 AD3d 805 [2012]).

As the defendant argues, and as the People correctly concede, the sentence and commitment sheet incorrectly reflects that the defendant was sentenced to an indeterminate term of 4 to 12 years upon his conviction of grand larceny in the second degree. The defendant was actually sentenced to an indeterminate term of 3 to 9 years upon his conviction of grand larceny in the second degree. Accordingly, the matter must be remitted to the Supreme Court, Kings County, for the issuance of an amended sentence and commitment sheet that properly reflects the sentence that was imposed (*see People v Mercado*, 74 AD3d 990 [2010]). Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.