■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAUNDA MCCLEAN, Appellant. [28 NYS3d 81]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered July 27, 2012, convicting him of rape in the first degree, rape in the third degree, criminal sexual act in the first degree, sexual abuse in the first degree (three counts), criminal sexual act in the third degree, and sexual abuse in the third degree (three counts), upon a jury verdict, and sentencing him to (a) concurrent determinate terms of imprisonment of 22 years to be followed

by a period of 10 years of postrelease supervision on the conviction of rape in the first degree, and four years to be followed by a period of five years of postrelease supervision on the conviction of rape in the third degree, (b) concurrent determinate terms of imprisonment of 22 years to be followed by a period of 10 years of postrelease supervision on the conviction of criminal sexual act in the first degree, six years to be followed by a period of five years of postrelease supervision on each of the convictions of sexual abuse in the first degree, and four years to be followed by a period of five years of postrelease supervision on the conviction of criminal sexual act in the third degree, to run consecutively to the sentences imposed on the convictions of rape in the first degree and rape in the third degree, and (c) concurrent definite terms of imprisonment of three months on each of the convictions of sexual abuse in the third degree, to run consecutively to the sentences imposed on the convictions of rape in the first degree and rape in the third degree, and concurrently with the sentences imposed on the convictions of criminal sexual act in the first degree, sexual abuse in the first degree, and criminal sexual act in the third degree.

Ordered that the judgment is modified, on the law, on the facts, and as a matter of discretion in the interest of justice, (1) by vacating the convictions of sexual abuse in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment, and (2) by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's contention that he received ineffective assistance of counsel is without merit. The defendant failed to demonstrate "the absence of strategic or other legitimate explanations" for counsel's alleged shortcoming (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Caban*, 5 NY3d 143, 152 [2005]).

The defendant's challenge to certain comments the prosecutor made in summation is without merit, as the remarks were responsive to the defense summation, constituted fair comment on the evidence, or were within the broad bounds of rhetorical comment permissible in closing arguments (*see People v Fletcher*, 130 AD3d 1063, 1066 [2015]; *People v Marks*, 128 AD3d 852, 853 [2015]; *cf. People v Morgan*, 66 NY2d 255, 259 [1985]). To the extent that any prejudicial effect may have resulted from some of the challenged remarks, it was ameliorated by the trial court's immediate admonitions (*see People v Tosca*, 98 NY2d 660, 661 [2002]; *People v Marks*, 128 AD3d at 853).

The defendant contends that the Supreme Court erred in its handling of a communication from two of the jurors. Contrary to the defendant's contention, the alleged error was not a mode of proceedings error, so preservation was required (*see People v Nealon*, 26 NY3d 152, 161 [2015]; *People v Alcide*, 21 NY3d 687, 695 [2013]; *People v Braithwaite*, 126 AD3d 993, 996 [2015]). Although defense counsel was made aware of the substance of the communication and the steps taken by the court in response to it, he failed to object (*see People v Williams*, 21 NY3d 932, 934-935 [2013]; *People v Ramirez*, 15 NY3d 824, 825-826 [2010]). Accordingly, the defendant's contention is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to review the issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

The defendant's contention that two of the three counts of sexual abuse in the first degree should have been dismissed as multiplicitous is also unpreserved for appellate review, as this issue was never raised before the Supreme Court (*see* CPL 470.05 [2]; *People v Cruz*, 96 NY2d 857, 858 [2001]). Under the circumstances, we decline to review this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). However, as the People correctly concede, sexual abuse in the third degree is a lesser included offense of sexual abuse in the first degree (*see* CPL 1.20 [37]; *Matter of Justin D.*, 114 AD3d 941, 943 [2014]; *Matter of William A.*, 90 AD3d 651, 652 [2011]). Since the defendant's conviction of a greater count is deemed a dismissal of a lesser count pursuant to CPL 300.40 (3) (b), we vacate the defendant's convictions of sexual abuse in the third degree and the sentences imposed thereon.

The sentence imposed was excessive to the extent indicated (*see People v Rivera*, 130 AD3d 655, 656 [2015]; *People v Suitte*, 90 AD2d 80, 85-86 [1982]). Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.