Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered January 24, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and grand larceny in the second degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences imposed on counts one and two of the indictment shall run concurrently with each other and concurrently with the resentence imposed on count three of the indictment.
 

 Memorandum: Defendant was convicted following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the second degree (§ 155.40 [1]), and criminal possession of stolen property in the second degree (§ 165.52), arising from an incident in which defendant and other persons stole approximately $405,000 in cash from a safe belonging to the victim. On a prior appeal, we modified the judgment by, inter alia, reversing those parts convicting him of the burglary and grand larceny counts because of an erroneous suppression ruling, and we granted a new trial with respect to those counts (People v Purdy, 106 AD3d 1521, 1524 [2013]). We also remitted the matter for resentencing on the count of criminal possession of stolen property because of a sentencing error with respect thereto (id.). Defendant now appeals from the judgment convicting him, following the retrial before a jury, of the same burglary and grand larceny counts.
 

 Contrary to defendant’s contention, County Court properly refused to permit him to impeach a witness using a statement of the witness that defendant characterized as a prior inconsistent statement. It is well settled that “a witness may not be impeached simply by showing that he omitted to state a fact, or to state it more fully at a prior time . . . [unless it is] shown that at the prior time the witness [⅛] attention was called to the matter and that he [or she] was specifically asked about the facts embraced in the question propounded at trial” (People v Bornholdt, 33 NY2d 75, 88 [1973]; see People v Keys, 18 AD3d 780, 781 [2005], Iv denied 5 NY3d 807 [2005]). Here, a witness for the People testified that he saw the victim’s name on documents that defendant had removed from the safe. Thereafter, defense counsel argued that the witness had omitted that fact from his prior testimony and sought to impeach the witness using that testimony. We note, however, that defendant failed to show that the witness had been asked about that specific fact during the prior testimony, and thus he failed to establish that the witness had given a prior inconsistent statement. Consequently, the court properly refused to permit defendant to use the witness’s prior testimony for the purpose of impeachment (see Keys, 18 AD3d at 781; see generally Bornholdt, 33 NY2d at 88).
 

 Defendant further contends that the court abused its discretion in admitting evidence of purchases that he and his girlfriend allegedly made during the days following the burglary. Specifically, defendant challenges testimony concerning a used car that was purchased on the day after the burglary using approximately $6,000 in cash; evidence of new clothes and other items that were allegedly purchased by defendant’s girlfriend at the mall and recovered from her sister’s car immediately thereafter by police investigators while defendant was present in the mall parking lot; and evidence of two watches recovered by police investigators from defendant’s bedroom along with a receipt for two watches dated the day after the burglary. Insofar as defendant contends that the prejudicial effect of the challenged evidence outweighed its probative value, he failed to preserve his contention for our review because he did not object to the admission of the evidence on that ground (see People v Cullen, 110 AD3d 1474, 1475 [2013], affd 24 NY3d 1014 [2014]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). To the extent that defendant challenges the testimony concerning the purchase of the car on the ground that it was irrelevant, defendant likewise failed to preserve his contention for our review because he did not object to the testimony on that ground (see People v Garcia-Santiago, 60 AD3d 1383, 1383 [2009], Iv denied 12 NY3d 915 [2009]). In any event, we conclude that defendant’s challenge to the testimony lacks merit.
 

 To the extent that defendant contends that the court abused its discretion in admitting the evidence of the clothes recovered from the sister’s car and the watches recovered from his bedroom on the ground that the evidence was irrelevant, we reject his contention. “Evidence is relevant if it has any tendency in reason to prove the existence of any material fact, i.e., it makes determination of the action more probable or less probable than it would be without the evidence” (People v Scarola, 71 NY2d 769, 777 [1988]; see People v Inman, 134 AD3d 1434, 1435-1436 [2015], lv denied 27 NY3d 999 [2016]). We conclude that the possibility that the purchase money for the clothes and watches came from a legitimate source was not so great as to make the evidence of those purchases irrelevant (see People v Lopez, 40 AD3d 1119, 1121 [2007]).
 

 Finally, we agree with defendant that the aggregate sentence imposed is unduly harsh and severe. We therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentences imposed on counts one and two, the longest of which, for burglary in the second degree, is a determinate term of imprisonment of 14 years plus five years of postrelease supervision, shall run concurrently to each other, and concurrently to the resentence previously imposed for criminal possession of stolen property in the second degree on count three of the indictment (see generally CPL 470.15 [6] [b]).
 

 Present — Carni, J.P., Lindley, NeMoyer, Curran and Troutman, JJ.