People v Mitchell (2020 NY Slip Op 04271)





People v Mitchell


2020 NY Slip Op 04271


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


688 KA 18-00650

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NINIMBE MITCHELL, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
NINIMBE MITCHELL, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 25, 2017. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the first degree (Penal Law
§ 160.15 [1]). We affirm.
Viewing the evidence in the light most favorable to the People, we reject defendant's contention in his main brief that the evidence is legally insufficient to support the conviction (see generally Penal Law § 20.00; People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury, as well as the instruction on accomplice liability (see generally People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's further contention in his main brief, the prosecutor did not elicit any testimony that could be reasonably construed to suggest that defendant had invoked his constitutional right to remain silent (see People v Torres, 125 AD3d 1481, 1483 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]; People v Hicks, 226 AD2d 189, 189 [1st Dept 1996], lv denied 88 NY2d 966 [1996]). We thus need not determine whether defendant opened the door to any such testimony.
Defendant's contention in his main brief that Supreme Court admitted irrelevant evidence is unpreserved for appellate review because he never objected to the subject evidence on that ground (see People v Purdy, 154 AD3d 1306, 1307-1308 [4th Dept 2017], lv denied 30 NY3d 1108 [2018]). Defendant's allegation in his main brief of prosecutorial misconduct on summation is likewise unpreserved because defendant did not object to the allegedly improper comment (see People v Santiago, 29 AD3d 466, 467 [1st Dept 2006], lv denied 7 NY3d 794 [2006]). We decline to exercise our power to review either contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention in his main brief that the sentence is unduly harsh and severe. Finally, contrary to defendant's contention in his pro se supplemental brief, the verdict of guilty of robbery in the first degree is not repugnant to the acquittal of felony murder (see People v Jacobs, 128 AD3d 850, 850-851 [2d Dept 2015], lv denied 26 NY3d 1009 [2015]; People v [*2]Trotter, 255 AD2d 925, 926 [4th Dept 1998], lv denied 93 NY2d 980 [1999]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court