People v Cousar (2021 NY Slip Op 00573)





People v Cousar


2021 NY Slip Op 00573


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-10562
 (Ind. No. 6/19)

[*1]The People of the State of New York, respondent, 
v
Saeed Cousar, appellant.


Saeed Cousar, Delmont, New Jersey, appellant pro se.
Robert V. Tendy, District Attorney, Carmel, NY (Nicholas LaStella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (James T. Rooney, J.), rendered August 28, 2019, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was pursuant to CPL 20.20 to dismiss the superseding indictment for lack of territorial jurisdiction.
ORDERED that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was pursuant to CPL 20.20 to dismiss the superseding indictment for lack of territorial jurisdiction is granted, the superseding indictment is dismissed, and the matter is remitted to the County Court, Putnam County, for further proceedings consistent with CPL 160.50.
The defendant was convicted of grand larceny in the fourth degree, upon his guilty plea, based on his admission that, on March 5, 2015, while located in New Jersey, he used the personal identifying information of a Putnam County resident to electronically access that resident's bank account and knowingly steal $9,000 therefrom.
In his omnibus motion, the defendant, inter alia, challenged the County Court's territorial jurisdiction over the grand larceny count on the ground that none of the elements of the alleged offense occurred in New York. The court denied that branch of the defendant's motion.
Where New York's territorial jurisdiction over an offense is in dispute, the People bear the burden of establishing jurisdiction under CPL 20.20 beyond a reasonable doubt (see People v McLaughlin, 80 NY2d 466, 470). Here, the People did not dispute the defendant's claim that none of the elements of the alleged offense occurred in New York, and did not seek to establish, for instance, that the complainant's bank account was located in New York (cf. People v Bigness, 28 AD3d 949). Rather, the People argued only that territorial jurisdiction was properly based on CPL 20.20(2)(a) because grand larceny was a "result offense" and the alleged "result" occurred in New York, and the County Court denied the defendant's jurisdictional challenge on this narrow ground.
"When a specific consequence, such as the death of the victim in a homicide case, is an element of an offense, the occurrence of such consequence constitutes the 'result' of such offense. An offense of which a result is an element is a 'result offense'" (CPL 20.10[3]). The elements of larceny are (1) intent to deprive another of property or to appropriate the same to himself or herself or to a third person, and (2) the wrongful taking, obtaining or withholding of such property (see Penal Law § 155.05[1]). Contrary to the People's contention, since no "specific consequence" is an element of grand larceny in the fourth degree, it follows that larceny in the fourth degree is not a "result offense" within the meaning of CPL 20.10(3) (see People v Axentiou, 158 Misc 2d 19, 22 [Sup Ct, NY County]).
Accordingly, since the People failed to establish that New York had territorial jurisdiction over the offense of conviction pursuant to CPL 20.20(2)(a), we must reverse the judgment of conviction and dismiss the indictment. We express no view on whether territorial jurisdiction could have been established instead pursuant to CPL 20.20(2)(b) and 20.10(4), since this contention was not raised before the County Court.
In light of our determination, we need not reach the defendant's remaining contention.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court