People v Crumb (2021 NY Slip Op 02816)





People v Crumb


2021 NY Slip Op 02816


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-10374
 (Ind. No. 1964/16)

[*1]The People of the State of New York, respondent,
v
Robert S. Crumb, appellant.


Matthew W. Brissenden, P.C., Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Jason R. Richards of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered July 23, 2018, convicting him of murder in the second degree, assault in the first degree, reckless endangerment in the first degree, assault in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of reckless endangerment in the first degree, assault in the second degree, and resisting arrest, under counts 3, 4, and 7 of the indictment, respectively, vacating the sentences imposed thereon, and remitting the matter to Supreme Court, Nassau County, for a new trial on those counts of the indictment; as so modified, the judgment is affirmed.
The defendant stabbed his wife, killing her, and his daughter, injuring her, in their home in Nassau County. He then fled the scene by car, leading several police units to pursue him through multiple counties. The pursuit ended in Kings County, where the defendant was arrested. After a jury trial, the defendant was convicted of murder in the second degree and assault in the first degree, pertaining to his conduct toward his wife and daughter, respectively, and reckless endangerment in the first degree, assault in the second degree, and resisting arrest, pertaining to his conduct after fleeing his home. Sentences were imposed, and the defendant appeals.
The defendant contends that the Supreme Court unduly limited cross-examination of the defendant's son, a witness to the defendant's attacks on his wife and daughter, with respect to a prior statement the son gave to the police. "[A] witness' prior inconsistent statements may be used to impeach his [or her] trial testimony" and "the test of inconsistency" includes "omitting to mention critical facts at the prior time," as long as the witness' attention was called to the matter at that prior time (People v Bornholdt, 33 NY2d 75, 88; see People v Greene, 110 AD3d 827, 828; People v Keys, 18 AD3d 780, 781).
Here, for the most part, "the statement given to the police by the witness was not inconsistent with his trial testimony but, rather, it was less specific and contained fewer details than the trial testimony" (People v Jones, 136 AD2d 740, 741). Further, the defendant failed to show, for certain matters, such as the son's observations regarding blood in the hallway of the defendant's [*2]house, that the son's attention was specifically drawn to those matters by the police (see People v Bornholdt, 33 NY2d at 89). In any event, to the extent any error was committed in restricting cross-examination as to the son's prior statements to the police, the error was harmless (see People v Crimmins, 36 NY2d 230, 237; People v Greene, 110 AD3d at 828), particularly since the son testified as to most of the content of the statement, including the allegedly critical fact that he told the police that when he left his mother's bedroom, he went into the kitchen and called 911 and the defendant grabbed his keys and ran out of the house.
Contrary to the defendant's further contention, he was afforded a meaningful opportunity to make use of certain toxicology records at trial, and the Supreme Court did not err in failing to impose a sanction on the People for delayed disclosure of those records (see People v Tripp, 162 AD3d 691, 692-693).
However, the defendant correctly contends that the Supreme Court erred in instructing the jury as to the issue of venue pertaining to counts 3, 4, and 7 of the indictment, charging reckless endangerment in the first degree, assault in the second degree, and resisting arrest, respectively. "The defendant has the right at common law and under the State Constitution to be tried in the county where the crime was committed unless the Legislature has provided otherwise" (People v Ribowsky, 77 NY2d 284, 291; see People v Moore, 46 NY2d 1, 6; NY Const, art I, § 2). "The burden is on the People to prove by a preponderance of the evidence that the county where the crime is prosecuted is the proper venue because either the crime was committed there or one of the statutory exceptions is applicable" (People v Ribowsky, 77 NY2d at 291-292 [citations omitted]; see People v Moore, 46 NY2d at 6). Pursuant to CPL 20.40(1)(a), insofar as is relevant here, "an appropriate criminal court of a particular county" has jurisdiction of an offense where "[c]onduct occurred within such county sufficient to establish . . . [a]n element of such offense." "[G]enerally it is for the jury to decide, as a matter of fact, the place where the crime was committed or any other fact relevant to venue" (People v Moore, 46 NY2d at 6-7 [citation omitted]).
Here, upon submitting the issue of venue regarding counts three, four, and seven to the jury, the Supreme Court "incorrectly instructed that a finding of geographic jurisdiction on one count effectively provided the County with jurisdiction over all the other counts" (People v Muro, 223 AD2d 563, 564; see CPL 20.40[1][a]). This error cannot be deemed harmless. Because a defendant is entitled to have a jury, not the court, determine factual issues regarding venue, "[i]t is not enough that the record contains evidence" that an element of the offense occurred in the county asserting jurisdiction (People v Ribowsky, 77 NY2d at 292; People v Sosnik, 77 NY2d 858, 860). Rather, "it must appear from the instructions or by necessary implication from the verdicts that the jury made a finding of proper venue" (People v Ribowsky, 77 NY2d at 292 [emphasis added]; see People v Sosnik, 77 NY2d at 860). Here, it cannot be said from the nature of the verdict that the jury "necessarily found" that conduct constituting an element of each of the three relevant counts was committed in Nassau County (People v Sosnik, 77 NY2d at 860; see People v Muro, 223 AD2d at 564).
Accordingly, we must vacate the convictions of reckless endangerment in the first degree, assault in the second degree, and resisting arrest, vacate the sentences imposed thereon, and remit the matter to the Supreme Court, Nassau County, for a new trial on counts three, four, and seven of the indictment.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court