People v Cruz (2021 NY Slip Op 03467)





People v Cruz


2021 NY Slip Op 03467


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-01850
 (Ind. No. 1530/17)

[*1]The People of the State of New York, respondent,
v
Kenny Cruz, appellant.


Mark Diamond, New York, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Autumn S. Hughes of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered January 10, 2019, as amended January 24, 2019, convicting him of attempted assault in the first degree, assault in the second degree, unlawful imprisonment in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of the defendant's statements to law enforcement officials.
ORDERED that the judgment, as amended, is affirmed.
The Supreme Court properly denied suppression of the defendant's statements to law enforcement officials. The defendant's statements, which he made prior to his being given Miranda warnings (see Miranda v Arizona, 384 US 436), were voluntary, spontaneous, and not the result of any police conduct or questioning that reasonably could have been expected to elicit an inculpatory response from him (see People v Demello, 186 AD3d 1709, 1709; People v Gunn, 176 AD3d 862, 863; People v Stewart, 172 AD3d 1247, 1248).
The Supreme Court properly admitted into evidence the victim's statement to her mother under the excited utterance exception to the hearsay rule (see People v Brooks, 71 NY2d 878, 878; People v Brownfield, 187 AD3d 1036, 1037; Matter of Nina P. [Giga P.], 180 AD3d 1047, 1048; People v Hawkins, 193 AD2d 758, 759). Contrary to the defendant's contention, the court did not err in failing to give a special instruction regarding excited utterances (see People v Medina, 53 AD3d 1046, 1047; People v Corbin, 284 AD2d 408).
The defendant's contention that the video surveillance footage depicting the incident was not properly authenticated is without merit. The People presented sufficient evidence that the video footage accurately represented the events depicted (see People v Grant, 170 AD3d 888, 890; People v Martinez, 164 AD3d 1260, 1262-1263).
The defendant preserved for appellate review his challenge to the legal sufficiency of the evidence supporting the convictions of attempted assault in the first degree, assault in the [*2]second degree, and unlawful imprisonment in the first degree, but failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting the conviction of criminal possession of a weapon in the third degree (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt on each of the convictions beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on each of the convictions was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court providently exercised its discretion in denying the defendant's request for a missing witness charge regarding the victim. The People established that the victim, who was uncooperative and hostile to the People, was not under their control (see People Singleton, 186 AD3d 1412, 1413; People v Gunn, 176 AD3d 862, 864).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court