People v Baker
2026 NY Slip Op 03817
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Joseph Baker, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2018-02859, (Ind. No. 116/16)
Colleen D. Duffy, J.P.
Lara J. Genovesi
Deborah A. Dowling
James P. McCormack, JJ.

Gary E. Eisenberg, New City, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered February 13, 2018, convicting him of promoting a sexual performance by a child (four counts), possessing a sexual performance by a child (four counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court's charge to the jury adequately conveyed the legal principles applicable to this case (see People v Patrick, 102 AD3d 892, 892; People v Webb, 89 AD3d 874, 874).
Moreover, the County Court providently exercised its discretion in denying the defendant's request for a missing witness charge regarding the victim. While the defendant met his initial burden, the People rebutted that showing by demonstrating that the victim communicated her unwillingness to cooperate and could not be expected to testify favorably for the People so as to be considered under their control (see People v Williams, 215 AD3d 694, 696; People v Cruz, 195 AD3d 637, 638).
The defendant failed to preserve for appellate review his contention that the People's opening statement was inadequate (see CPL 470.05[2]; People v Robertson, 157 AD2d 753, 754). In any event, his contention is without merit. The People's opening statement, which advised the jury that the People intended to prove that the defendant committed the crimes of promoting a sexual performance by a child, possessing a sexual performance by a child, and endangering the welfare of a child, was sufficient to enable the jury to intelligently understand the nature of the charges (see People v Kurtz, 51 NY2d 380, 384; People v Robinson, 180 AD2d 767, 768).
The defendant's contention that the People failed to establish the alleged crimes occurred within New York's jurisdiction is partially unpreserved for appellate review, since geographical jurisdiction is evaluated on a count-by-count basis (see CPL 470.05[2]; People v Crumb, 194 AD3d 739, 741; People v Muro, 223 AD2d 563, 563-564). In any event, the defendant's contention is without merit. "Where New York's territorial jurisdiction over an offense [*2]is in dispute, the People bear the burden of establishing jurisdiction under CPL 20.20 beyond a reasonable doubt" (People v Cousar, 191 AD3d 694, 694; see People v McLaughlin, 80 NY2d 466, 470). "CPL 20.20 . . . has codified the general principle that, for New York to exercise criminal jurisdiction, some alleged conduct or a consequence of that conduct must have occurred in the state" (People v Lamb, 37 NY3d 1174, 1181 [internal quotation marks omitted]; see CPL 20.20; People v McLaughlin, 80 NY2d at 471). "New York has territorial jurisdiction to prosecute a person for an offense when either '[c]onduct occurred within this state sufficient to establish . . . [a]n element of such offense . . . or . . . [a]n attempt to commit such offense'" (People v Lamb, 37 NY3d at 1181, quoting CPL 20.20[1][a], [b]). Here, the People established, beyond a reasonable doubt, that one element of each crime took place in New York (see CPL §§ 20.20, 20.60[1], [2]; People v Carvajal, 6 NY3d 305, 312; People v Giordano, 211 AD2d 814, 815).
Contrary to the defendant's contention, the County Court properly permitted an investigator to testify as an expert regarding the meaning of certain coded language used in electronic communications between the defendant and the victim, as the language at issue was beyond the ken of the ordinary juror. The expert testimony did not go beyond explaining what the terminology meant in the context of the conversations and did not infringe on the jury's fact-finding function, as the expert did not directly express opinions about the ultimate issues in the case (see People v Frederick, 211 AD3d 1034, 1036; People v Williams, 211 AD3d 1055, 1057; cf. People v Reaves, 247 AD3d 6, 16).
Further, the County Court did not err in admitting into evidence printouts of screen captures of conversations and images contained on the defendant's and the victim's cell phones allegedly from their Facebook accounts (see People v Rodriguez, 38 NY3d 151, 154-155). The printouts were properly authenticated through testimony of a police witness demonstrating that they were "a fair and accurate copy of some of the information" extracted from the phones (see People v Price, 29 NY3d 472, 476-477; cf. People v Mayo, 202 AD3d 833, 834).
The defendant's contention that the sentence imposed penalized him for exercising his right to a trial is unpreserved for appellate review (see People v Hurley, 75 NY2d 887, 888; People v Parker, 180 AD3d 1072, 1073). In any event, under the circumstances, the contention is without merit (see People v Arman, 188 AD3d 1237, 1238). Furthermore, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DUFFY, J.P., GENOVESI, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court